Mary Elizabeth SHANNON, Appellant,

v.

STATE of Missouri, Respondent.

No. 48635.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 26, 1984.

Kenneth A. Seufert, Contract Atty. for the Public Defender Commission, Farmington, for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

Movant Mary E. Shannon (hereafter "defendant") appeals the denial of her Rule 27.26 motion to set aside a twelve-year prison sentence. The trial court had imposed that sentence when defendant pled guilty to a felonious gunshot assault upon her pregnant daughter.

Defendant now contends her trial counsel had fraudulently advised her that by pleading guilty she would be paroled. The state contends the record does not so show by a preponderance of the evidence.

We recite in order the movant's and the state's evidence, and then the motion court's memorandum in denying relief.

Defendant testified under oath: She was a trained nurse somewhat addicted to alcohol; her two psychiatrists had examined her and found she was not psychotic. Defendant admitted shooting her daughter and recently had paid her daughter $30,000 in response to a threatened damage suit; that her counsel Ronald E. Pedigo had fraudulently advised her that if she paid that sum she would get a suspended five year sentence, and ordered her to lie under oath when pleading guilty. On cross-examination defendant testified she had previously been charged with feloniously shooting her former husband, but had forgotten to tell this to her counsel until the day of her guilty plea.

Two others testified for defendant. Her consort confirmed her testimony about being told she would not go to prison if she pled guilty; but Mr. Pedigo had not told her to lie. Defendant's bail bondsman testified Mr. Pedigo told him the daughter's counsel had signed a "hold harmless" agreement, and Mr. Pedigo had—and had not—told defendant the criminal charges would be dropped.

Defense counsel Pedigo testified he had discussed defendant's legal problems with her countless times. Just before the guilty plea he had reviewed with her the host of questions the court would ask. He then told her she must answer honestly, and also told her the financial settlement of her daughter's damage claim would not affect the court's sentence; that the state's evidence was overwhelming; that if she pled not guilty she would likely receive a longer sentence.

The hearing court then questioned defendant about the host of factors in pleading guilty. Defendant specifically had denied any threats had induced her guilty plea; that no one had lied to her; and denied anyone had made any promises about what sentence she would receive.

Thereupon the hearing court filed its findings of fact and conclusions of law. The court then ruled: Defendant's guilty plea had not been induced by her counsel's assurance of probation or other promises; that defendant had fully understood the felonious assault charge, her right to jury

trial, and the range of punishment. The court specifically found defendant's guilty plea was not induced by any promise of probation or parole and that her attorney had not advised her to lie when she pled guilty. That concluded the evidence.

Our review of a post-conviction ruling is limited to determining whether the motion court's ruling is clearly erroneous. V.A. M.R. 27.26(j).

We conclude the state's evidence was credible and the movant's evidence was unreliable, self-serving and utterly refuted her claim to relief. The motion court did not err.

DOWD, P.J., and CRIST, J., concur.