**UNITED STATES of America, Appellee,**

v.

**Roger W. BENSON, Appellant.**

**No. 87–1317.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 15, 1987.

Decided Jan. 12, 1988.

Canice Timothy Rice, Jr., St. Louis, Mo., for appellant.

James E. Crowe, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before McMILLIAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge and BEAM,[*] District Judge.

BEAM, District Judge.

Appellant Roger Benson appeals from an order of the district court[1] which commits him to the custody of the Attorney General for a period of six years. He requests that the judgment and commitment order be vacated and that he be resentenced by a different trial judge.

Appellant raises two grounds in support of his appeal: (1) that the government and the court did not fulfill the terms of the plea agreement; and (2) the sentencing was tainted by an ex parte contact between the court and the prosecution.

## I. BACKGROUND

Appellant Benson was indicted on three counts of tax evasion. The allegations involved the tax years 1979, 1980 and 1981.

---

[*] The Honorable C. Arlen Beam, Chief United States District Judge for the District of Nebraska, sitting by special designation. On November 9, 1987, Judge Beam was confirmed as a United States Circuit Judge for the Eighth Circuit.

[1] The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri.

Benson entered a plea of guilty to the charges encompassing the 1980 and 1981 tax years. This occurred on December 10, 1986.

Prior to the indictment, Benson had cooperated with the Federal Bureau of Investigation (FBI) for a period of approximately 18 months with the hope of working out a favorable plea agreement which would result in a lesser sentence. On February 6, 1987, the district court sentenced Benson to two consecutive three year terms.

## II. PLEA AGREEMENT

Appellant argues that the plea agreement obligated the government to present, and the court to hear, the full panoply of evidence of his cooperation with the FBI. The question before us is whether Benson's sentence rests in any significant degree upon an unfulfilled arrangement. *See Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971).

The terms of the plea agreement were set forth in the record pursuant to Fed.R. Crim.P. 11(e)(2). This occurred at the plea hearing.

The government committed to bring "the appropriate FBI agent from New York City and the appropriate FBI agent from Phoenix, Arizona ... to make representations as they would be received in [the court's] discretion or in the probation office's discretion." As part of the plea agreement, the government said it would "bring the agents personally to St. Louis.... If the Court just wishes to read written submissions of [appellant's] cooperation, that's within [the court's] discretion."

The judge then explained that his customary practice was to take such evidence by written submission. He concluded that "if it seems appropriate, well we can always do it [hear personally from the agents]." Sentencing was then scheduled for February 6, 1987.

In the interim, the presentence report was compiled and letters describing appellant's cooperation were received. The court also informed appellant that the court would not hold a hearing at which the FBI agents could recount appellant's cooperation.

The next series of events occurred at the sentencing on February 6, 1987. The hearing tracked the contours of Rule 32 of the Federal Rules of Criminal Procedure. Rule 32(a)(1) provides that before imposing sentence, the Court shall:

(A) determine that the defendant and the defendant's counsel have had the opportunity to read and discuss the presentence investigation report ...;

(B) afford counsel an opportunity to speak on behalf of the defendant; and

(C) address the defendant personally and ask the defendant if the defendant wishes to make a statement in the defendant's own behalf and to present any information in mitigation of punishment.

At the hearing, appellant was asked if he had seen the presentence investigation report. The appellant said "Yes." The court asked if appellant wished to withdraw his plea. Appellant said "No." The court asked if there was any reason sentencing should not proceed at that time. Appellant said "No." The court asked appellant if he had anything to say in his own behalf. Appellant responded with a detailed account of his cooperation with the government.

Finally, the court said, "I have your letter. I have your materials.... And I take it I have the full information?" Appellant replied, "Yes, sir." Appellant was then sentenced.

 Before we consider the plea agreement question, it should be noted that this issue was not preserved for review. The core of appellant's complaint is that the extent of his government cooperation was inaccurately conveyed to the sentencing judge. A defendant has a right to contest the accuracy of information and must be given an opportunity, before sentencing, to explain or rebut the facts presented. *United States v. Matlock,* 786 F.2d 357, 361 (8th Cir.1986). However, complaints not brought to the attention of the district court at the time of the sentencing hearing are not preserved for review.

*See id.* And, plain error does not exist in this instance.

The record is clear that appellant was satisfied with the information before the court. At the sentencing, appellant was fully aware of all factors that could possibly be a ground for complaint. Nevertheless, at the hearing, appellant did not raise an objection prior to being sentenced. Thus, he knowingly and voluntarily waived his right to present this issue for our consideration.

Even if appellant had preserved his right to a review, the claim must fail. One of appellant's two complaints is that the plea agreement consisted, in part, of a court commitment to hear the FBI agents. The record, however, fails to support any such promise.

■ Appellant's other claim is that the prosecution violated the terms of the plea agreement. The remedy for a substantive breach of a plea agreement is, of course, to allow the defendant to withdraw his plea or to grant him specific performance of the agreement. *Santobello,* 404 U.S. at 262–63, 92 S.Ct. at 498–99; *United States v. Runck,* 601 F.2d 968, 970 (8th Cir.1979). Since appellant does not seek to have his plea withdrawn, the only issue is whether specific performance should be required. However, specific performance is required only if the plea agreement has been substantively violated.

A review of the record shows that the government complied with the letter of the agreement. The government may have deviated slightly from the spirit of the agreement with regard to appellant's cooperation in New York City. The agreement suggests that the agent himself should have written of appellant's cooperation. Instead, Assistant United States Attorney Grabois was the author of the communication presented to the judge. Comparing the detail of the Phoenix agent's letter with that of the Assistant United States Attorney suggests that appellant may have suffered slightly by having his cooperation represented second hand or by someone other than the agent with whom he worked. Nonetheless, the court received more than ample information about appellant's activities. And, appellant so stated at the Rule 32 proceeding.

■ Assuming, *arguendo,* that the letter from Assistant United States Attorney Grabois violated the plea agreement, it does not automatically follow that further performance under the agreement is now required. *See United States v. Mack,* 655 F.2d 843, 848 (8th Cir.1981).

In cases, as here, where any prejudice is cured, specific performance is not necessary. *See id.* Prior to the sentencing hearing, appellant was fully aware of the contents of the various communications and the full extent to which the government would represent his cooperation. And, before pronouncing sentence, Judge Hungate offered appellant the opportunity to withdraw his plea. Appellant persisted in his plea of guilty and agreed, directly and through counsel, that sentencing should proceed. Under the circumstances, we decline to grant the relief requested.

## III. EX PARTE CONFERENCE

We have fully examined the record with regard to the purported ex parte contact between the judge and the prosecution. We find the claim to be wholly without merit.

## IV. CONCLUSION

We find no breach of the plea agreement. Similarly, there is no evidence that the court lacked any necessary information or labored under any misapprehension concerning the scope of appellant's cooperation. Accordingly, we affirm the district court's order and decline to vacate the sentence or to remand to a different judge for resentencing.

Affirmed.