**Earnest M. HENSLEY,
Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 15293.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 1, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied
June 21, 1988.

Application to Transfer Denied
July 26, 1988.

Gregg T. Hyder, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, L. Timothy Wilson, Asst. Attys. Gen., Jefferson City, for respondent.

PREWITT, Presiding Judge.

Movant entered a plea of guilty on December 30, 1985 to involuntary manslaughter. He was sentenced to seven years' imprisonment. Thereafter he filed a motion under former Rule 27.26, seeking to vacate his conviction and sentence. Following an evidentiary hearing, the trial court on June 18, 1987, issued findings of fact, conclusions of law, and an order denying movant's motion. Movant appeals. As sentence was pronounced and the Rule 27.-26 motion filed before January 1, 1988, all proceedings continue to be governed by that rule. Rule 24.035(1).

Movant contends that the trial court erred in its finding because the trial court did not have jurisdiction to accept his plea of guilty because the original information "failed to state a homicide offense". He does not challenge the sufficiency of the third amended information upon which he was convicted and sentenced.

■ There is no merit to this contention. Even if the original information was defective the court had jurisdiction to proceed. An amended information deprives the defendant of any defense directed toward the original information, even if the original information was insufficient to charge an offense. *State v. Maynard,* 707 S.W.2d 810, 813 (Mo.App.1986). See also *State v. Toney,* 680 S.W.2d 268, 272 (Mo. App.1984). This point is denied.

■ Movant's remaining point asserts that the trial court erred because his plea of guilty was not made knowingly and voluntarily because he was told by his defense counsel in the criminal case that he would receive a sentence of four years. Movant testified that he was so informed by the attorney.

The transcript of the hearing when movant pled guilty and his attorney's testimony refute movant's testimony that he was advised he would receive four years. Credibility of the witnesses is generally a matter for the trial court's determination, to which this court gives considerable deference. *Pool v. State,* 670 S.W.2d 210, 211–212 (Mo.App.1984). See also *Trimble v. State,* 588 S.W.2d 168, 170 (Mo.App.1979) (trial judge could disbelieve testimony, even when uncontradicted).

The trial judge did not believe movant's testimony that his attorney told him that he would receive a four year sentence. The trial court was fully justified in determining that movant was not so informed. This point is denied.

The judgment is affirmed.

HOGAN, FLANIGAN and MAUS, JJ., concur.