Brian Lee **STARKS**, Movant–Appellant,

v.

**STATE of Missouri, Respondent.**

No. 16089.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 22, 1989.

Kimberly Bonney Landman, Asst. Public Defender, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

The movant was charged with robbery in the first degree, § 569.020, and armed criminal action, § 571.015. He entered a plea of guilty to robbery in the first degree and was sentenced to imprisonment for thirty years. The state dismissed the charge of armed criminal action. By a motion under Rule 24.035, he alleged his plea of guilty was entered pursuant to a plea bargain that he would be sentenced to twenty years. He seeks to enforce that bargain. He cites *United States v. Benson,* 836 F.2d 1133 (8th Cir.1988). After an evidentiary hearing, the motion court denied relief. On appeal, movant contends the motion court erred because the evidence established such a plea agreement.

After being charged, the movant was represented by able and experienced retained counsel. Counsel described the case against movant as gruesome and very

strong. At the request of his client, he negotiated with the prosecuting attorney to reach a plea bargain. Ultimately, counsel wrote his client that the prosecuting attorney was willing to dismiss the armed criminal action charge and recommend twenty years on the robbery in the first degree charge. As stated, movant did plead guilty to robbery in the first degree and was sentenced to imprisonment for thirty years. The charge of armed criminal action was dismissed.

At the evidentiary hearing, movant testified that when he entered a plea of guilty he thought he would be sentenced to imprisonment for twenty years. He added, that counsel told him that during the plea proceedings when questioned by the court he should just go along, that everything was fixed. Counsel testified that he was unable to persuade the prosecuting attorney to recommend a sentence of imprisonment for twenty years. He added that this was clearly made known to the movant before the plea was entered. He denied telling movant to go along with the court when questioned.

The following are the most relevant portions of the transcript of the plea proceedings.

THE COURT: Just so it's clear on the record, as I understand it, you are going to recommend that he be sentenced to no more than thirty years, and that anywhere within the range of punishment up to thirty years, the Court would be free to sentence him.

MR. MOUNTJOY: That's correct, Your Honor.

THE COURT: And even though you may come in at the time of sentencing and recommend something less than that, the Court still could give him anything up to thirty years.

MR. MOUNTJOY: That's correct.

THE COURT: Is that your understanding, Mr. Wampler?

MR. WAMPLER: Yes, Your Honor.

THE COURT: Mr. Starks?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Now, has there been anything at all promised to you other than that?

THE DEFENDANT: No.

THE COURT: Now, in chambers there was some discussion by Mr. Wampler to the effect that he had discussed a term of twenty years with you, and apparently there was a misunderstanding between he and the prosecutor's office about that, but there is not any agreement about twenty years. The agreement is thirty years or less. Is that your understanding?

THE DEFENDANT: Yes, Your Honor.

THE COURT: I wouldn't want you to stand here and plead guilty, thinking that you're going to get twenty years, because that may or may not happen and if there's any misunderstanding at all about that, this is the time to get it cleared up. Because, as I understand it, there's absolutely no agreement or understanding or anything else that it's just twenty years. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

The motion was properly denied. The plea transcript conclusively refutes the allegations of the motion and testimony of the movant.

We have reviewed the record made on November 11, 1969,[1] and believe it is sufficient to show the pleas were 'made voluntarily with understanding of the nature of * * * [each] charge' (V.A.M.R. 25.04); that the evidentiary hearing, held April 8, 1971, was not required by V.A. M.R. 27.26(e) because said record of November 11, 1969, conclusively shows that appellant is entitled to no relief; and that the record of November 11, 1969, is sufficient to *insulate* the convictions from subsequent attack in federal habeas corpus proceedings. (*Boykin v. Alabama,*

1. The record of November 11, 1969 was the plea transcript.

395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.)

*Colbert v. State,* 486 S.W.2d 219, 221 (Mo. 1972).

Moreover, the credibility of the movant was for the trial court. *Hensley v. State,* 753 S.W.2d 88 (Mo.App.1988). It was within the discretion of the motion court to reject the testimony of the movant. *Shan-* *non v. State,* 683 S.W.2d 649 (Mo.App. 1984). The judgment is affirmed.

FLANIGAN, P.J., and PREWITT, J., concur.