**UNITED STATES of America, Appellee,**

v.

**Royston C. PATTERSON, Appellant.**

**No. 89–1025.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 12, 1989.

Decided Sept. 29, 1989.

James H. Green, Kansas City, Mo., for appellant.

David Detar Newbert, Kansas City, Mo., for appellee.

Before ARNOLD and BEAM, Circuit Judges, and HENLEY, Senior Circuit Judge.

PER CURIAM.

In this appeal, Royston C. Patterson challenges his conviction by jury [1] of one count of possession of cocaine base ("crack") with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), one count of being an illegal alien in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(5) and 924, and one count of using a firearm in relation to the possession of five or more grams of cocaine base with intent to distribute in violation of 18 U.S.C. § 924(c). Patterson's sole contention on appeal is that the district court erred in refusing to grant his motion for judgment of acquittal because the evidence is insufficient to support his conviction on each of the three counts. We disagree, and affirm.

The undisputed evidence presented at trial indicates that on the evening of April 2, 1988, in connection with an assault investigation Officers Kevin Byrd and Troy Meyer of the Kansas City Police Department were searching for an orange Toyota driven by Patterson [2] and an individual named Daryl Moore. Byrd and Meyer had received a report that Patterson was carrying an Uzi submachine gun. The officers located the Toyota in a driveway and went to the front door where they were greeted by a third man who gave them consent to search the premises for the occupants of the Toyota and any weapons.

The officers found Moore behind a closet door in a first floor bedroom. After the arrival of two backup officers, they searched the basement of the residence where they found Patterson behind the furnace, lying crouched on top of a rock and mortar wall. The officers pulled Patterson off of the ledge when he refused to comply with their request to come down; as they did so, a plastic bag containing fifty-seven baggies filled with 87.8 per cent pure cocaine base was knocked off of the ledge. The officers testified that the bag had been located on the ledge in front of Patterson's feet. After Patterson's removal, the officers observed an Intra Tec 9mm. semi-auto-

matic pistol loaded with thirty-four rounds of ammunition on the ledge immediately behind the place where Patterson's hands had been. The officers testified that the bag and gun were very clean, in sharp contrast to the rest of the basement, which was dusty and covered with cobwebs.

In his motion for judgment of acquittal and in this appeal, Patterson argues that this evidence is insufficient to support his conviction on Count I of the indictment because it fails to establish that he had possession of the cocaine base, or that he intended to distribute it; that it is insufficient to support his conviction on Count II because it fails to establish that he had possession of the firearm; and that it is insufficient to support his conviction on Count III because of the failure associated with Counts I and II.

■ Before considering these specific contentions, we find it instructive to delineate the standards which we use in evaluating claims of this nature. When reviewing the denial of a motion for judgment of acquittal, we examine the evidence in the light most favorable to the government. *United States v. Springer*, 831 F.2d 781, 783 (8th Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 1117, 99 L.Ed.2d 277 (1988). In addition, the government is given the benefit of any reasonable inferences drawn from the evidence. *Id.* at 783–84. "A motion for acquittal should be granted only where 'the evidence, viewed in the light most favorable to the [g]overnment, is such that a reasonably minded jury *must* have a reasonable doubt as to the existence of any of the essential elements of the crime charged.'" *United States v. Adkins*, 842 F.2d 210, 212 (8th Cir.1988) (quoting *United States v. White*, 562 F.2d 587, 589 (8th Cir.1977) (per curiam)) (emphasis in original).

After examining the evidence adduced in the present case in light of these principles, we have little difficulty concluding that the

---

1. The Honorable Joseph E. Stevens, Jr., United States District Judge, Eastern and Western Districts of Missouri, presiding.

2. At the time of their investigation, the police only knew of Patterson as "Starr." There is no dispute that "Starr" is in fact Patterson.

district court committed no error in refusing to grant Patterson's motion for judgment of acquittal. In order to convict Patterson of violating 21 U.S.C. § 841(a)(1), the government was required to prove that he knowingly possessed the contraband in question with intent to distribute it. "Proof of constructive possession is sufficient to satisfy the element of knowing possession under [this section]." *United States v. Matra*, 841 F.2d 837, 840 (8th Cir.1988). An individual is said to have constructive possession over contraband if he had "ownership, dominion or control over the contraband itself, or dominion over the premises in which the contraband is concealed." *United States v. Cardenas*, 748 F.2d 1015, 1019 (5th Cir.1984) (citations omitted). Constructive possession need not be proved by direct evidence, but rather may be premised upon circumstantial evidence, which we recognize as being "intrinsically as probative as direct evidence." *United States v. Holm*, 836 F.2d 1119, 1124–25 (8th Cir.1988).

■ We conclude that the presence of the bag of cocaine base on the ledge where Patterson was hiding, coupled with the fact that the bag was clean and thus by inference had not been left in the basement for an extended period, suffices to establish Patterson's constructive possession of the cocaine. Furthermore, the location of the firearm provides circumstantial evidence of Patterson's constructive possession of the contraband. *Matra*, 841 F.2d at 840. Patterson alone was in the basement (and, in particular, on the rock and mortar wall), and there is nothing in the record indicating, nor does Patterson specifically argue, that any one else is responsible for the placement of the cocaine. The mere fact that the contraband was not on Patterson's person is inconsequential; the cocaine was clearly within Patterson's dominion and the circumstances surrounding his position and the location of the cocaine constitute ample evidence of his constructive possession.

■ Similarly, we conclude that the evidence is sufficient to satisfy the second element of the § 841 offense, intent to distribute. "Intent to distribute may be proved by either direct or circumstantial evidence and may be inferred from such things as the possession of a large quantity of a controlled substance, its high purity level, ... and the presence of firearms." *Id.* at 841. Here, Patterson was found hiding on a ledge with a semi-automatic pistol and a bag containing fifty-seven smaller baggies of 87.8 per cent pure cocaine base. We believe that under *Matra*, this amply demonstrates his intent to distribute the contraband.

■ Patterson also argues that the evidence was insufficient to establish that he was in knowing possession of the firearm. The principles set forth in our discussion on the requisites for the establishment of possession under 21 U.S.C. § 841 are equally applicable in our determination of whether the evidence was sufficient to show Patterson's possession of the firearm under 18 U.S.C. § 922(g)(5). *See Matra*, 841 F.2d at 841 (discussing requirements for proof of possession of an unregistered machine gun in violation of 26 U.S.C. § 5861(d)); *see also United States v. Johnson*, 857 F.2d 500, 501–02 & n. 2 (8th Cir.1988) (setting forth certain instructions governing the possession element of 18 U.S.C. § 922(g)(1)). Applying these principles, we quickly dispose of Patterson's contention that because the firearm was not found on his person, the government failed to establish a connection between Patterson and the weapon. It is unnecessary for Patterson to have had actual possession of the gun; the circumstances surrounding the location of the weapon serve to establish his constructive possession.

In light of our determination that the evidence was sufficient to support Patterson's conviction of Counts I and II, we find it unnecessary to engage in a protracted discussion of Patterson's attack upon the evidence with respect to Count III, which is essentially composed of the elements of Counts I and II. *See* 18 U.S.C. § 924(c). Thus, we dispose of this claim summarily.

In summary, we conclude that the evidence is sufficient to support Patterson's conviction on each of the three counts. Accordingly, we hold that the district court

committed no error in denying Patterson's motion for judgment of acquittal, and affirm his conviction.