**UNITED STATES of America, Appellee,**

v.

**Sam Carl WAINWRIGHT, Appellant.**

**No. 90–1667.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1990.

Decided Dec. 31, 1990.

Lynn Williams, Hot Springs, Ark., for appellant.

Steven Snyder, Asst. U.S. Atty., Fort Smith, Ark., for appellee.

Before JOHN R. GIBSON, Circuit Judge, HENLEY, Senior Circuit Judge, and CONMY,* Chief District Judge.

CONMY, Chief District Judge.

The defendant, Sam Carl Wainwright, was convicted by a jury of four felony counts that applied to him in a multiple-count indictment. Counts 8 and 12 of the indictment charged conspiracy to distribute (cocaine) and the distribution of cocaine (6.6 ounces). Count 13 charged conspiracy to distribute marijuana. Count 21 alleged the defendant to be a felon in possession of a firearm.

Mr. Wainwright was sentenced to 150 months in prison, to be followed by 60 months of supervised release.

The appeal alleges that the district court[1] erred in not granting motions for acquittal based upon a claimed insufficiency of evidence to sustain the convictions. We affirm.

Wainwright and Lonnie James Brown became acquainted while serving earlier prison sentences. Brown became the subject of a series of cocaine buys arranged by drug enforcement officials, and he did make delivery of cocaine to undercover of-

* The HONORABLE PATRICK A. CONMY, United States Chief District Judge for the District of North Dakota.

1. The Honorable Oren Harris, United States Senior District Judge for the Eastern and Western Districts of Arkansas.

ficers. Counts 8 and 12 arise from Wainwright's claimed role as the supplier of the cocaine to Brown, with ultimate delivery to the undercover agents.

Brown received $8000 for the purchase of cocaine from an undercover agent on May 26, 1989. The evidence indicates that on May 27, 1989, Brown put the money in a small box, telephoned someone in Florida, then delivered to the Federal Express office in Fort Smith, Arkansas, a small package (a small box) addressed to Wainwright at his Florida address.

On June 2, 1989, a Federal Express package was delivered to Ken Maddox, the government's confidential informer who was purportedly working with Brown on the drug deals. Although Wainwright was not named as the sender, the airbill does contain Wainwright's American Express card number and his telephone number; Wainwright signed his name to the airbill.

Brown and Maddox were together when the package was opened. Maddox testified that the package contained a metal box and a plastic bag containing cocaine. Brown disagreed, claiming it contained an electric timer and a gold chain—but no cocaine.

■ Wainwright argues that the evidence presented at trial concerning the money and the box containing cocaine is insufficient to prove his involvement in the conspiracy to distribute cocaine and the distribution of cocaine.

In evaluating the claims of insufficiency of the evidence, we consider the evidence in the light most favorable to the government, giving the government the benefit of all reasonable inferences that can be drawn from the evidence. *United States v. Patterson*, 886 F.2d 217, 218 (8th Cir.1989) (per curiam). We must uphold the verdicts, if a reasonable jury would have found guilt beyond a reasonable doubt. *Id.* at 218. The evidence need not exclude every reasonable hypothesis other than guilt. *United States v. Schubel*, 912 F.2d 952, 955 (8th Cir.1990).

Unfortunately for Wainwright, even disputed testimony can be considered credible by a jury. It was reasonable for the jury to believe the testimony of Maddox and disbelieve that of Brown. It was also reasonable for the jury to infer from the evidence that the package delivered to the Federal Express office by Brown and later received by Wainwright contained the money. We therefore find the evidence was sufficient to enable the jury to find the defendant guilty of the crimes charged in counts 8 and 12 of the indictment.

■ Count 13 charged the conspiracy to distribute marijuana. Wainwright's presence in Arkansas, and in the rented vehicle in which the weapon was ultimately located, are tied to the marijuana sting. Government agents claimed to have a large quantity of marijuana for sale or trade. Word of the availability of the products was spread by Maddox and Brown, and a meeting set up for purposes of showing the merchandise to prospective buyers.

Wainwright, in a rented car, came to Arkansas in response to telephone messages from Brown. Brown drove the rented car to the Safeway parking lot, with Wainwright seated in the front passenger seat, and with two prospective buyers, "a Mr. Kook and his son," in the rear seat. Brown entered another vehicle and drove to the marijuana storage facility where he and another prospective buyer were arrested. The agents then proceeded to the Safeway parking lot where Wainwright and the two other passengers were waiting, and placed them under arrest. In the rear seat the officers found a clothes basket containing dirty clothes and a coffee can containing a handgun. Testimony was presented that Brown had in mind a customer who would trade cocaine for marijuana. Testimony was also presented that one of the phone conversations between Brown and Wainwright contained a reference to the seller's willingness to trade cocaine for marijuana.

The assertions of Wainwright at trial notwithstanding, the jury was not convinced that he was simply a guest of Brown, and accidentally present when a drug deal was in progress. We find the evidence described above supports the jury's determination and therefore affirm the conviction on count 13.

■ The final claim of evidence insufficiency relates to the conviction for felon in possession of a weapon. It is conceded that Wainwright qualified as a felon and that the weapon qualified as having moved in interstate commerce. However, a very well-argued position is urged that the connection between Wainwright and the weapon is too tenuous. Although Brown had driven to the rendezvous point, Wainwright was the renter of the car. Other individuals were in the rear seat and no evidence was produced which would link him to the basket, the clothing therein, the coffee can, or the weapon it contained.

■ An individual is said to have constructive possession over contraband if he had ownership, dominion or control over the contraband itself, or dominion over the premises in which the contraband is concealed. *Patterson*, 886 F.2d at 219. Constructive possession need not be proved by direct evidence, but rather may be premised upon circumstantial evidence, which we recognize as being intrinsically as probative as direct evidence. *Id.*

It is difficult for us to visualize a scene where prospective buyers of large quantities of marijuana—awaiting transport to inspect the product—would bring along their soiled underwear, hoping that a laundromat would be located along the route. It appears far more likely that the individual in control of the car—the renter of the car—would be in possession of this kind of personal property. Such a reasonable inference will support the conviction, when viewed in the context of the proof relating to all the defendants and charges.

The conviction and sentence are affirmed.