963 F.2d 376
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Cecilio CARDENAS-SOTO, Appellant.
UNITED STATES of AMERICA, Appellee,
v.
Margarito LANDEROS-PEREZ, Appellant.
 Nos. 92-1018, 92-1017.
 United States Court of Appeals,
 Eighth Circuit.
Submitted: May 12, 1992.
Filed: May 19, 1992.
 
 Before FAGG, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The Government charged that on February 27, 1991, Cecilio Cardenas-Soto and Margarito Landeros-Perez conspired to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846, distributed cocaine within 1000 feet of a school in violation of 21 U.S.C. § 841(a)(1), and carried a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). The Government also charged Cardenas-Soto with two counts of cocaine distribution in violation of 21 U.S.C. § 841(a)(1). After a joint trial, a jury convicted Cardenas-Soto and Landeros-Perez on all counts. The district court sentenced each defendant to imprisonment for 111 months. Cardenas-Soto and Landeros-Perez appeal, and we affirm.
 
 
 2
 In February 1991, a confidential informant told Lieutenant Jones of the Nebraska State Patrol about someone who could sell Jones cocaine. The informant arranged a meeting between Jones and the seller at the Bag 'N Save grocery store parking lot on February 12, 1991. The grocery store lies within 1000 feet of an elementary school. At the meeting, Cardenas-Soto sold Jones one ounce of cocaine and gave Jones a number to call for future purchases. On February 19, 1991, Jones picked Cardenas-Soto up at his residence then drove to the grocery store parking lot where Cardenas-Soto sold Jones two ounces of cocaine.
 
 
 3
 The next day, Jones called Cardenas-Soto to arrange a large purchase. On February 27, 1991, Cardenas-Soto arranged to meet Jones at 11:30 p.m. in the grocery store parking lot to conduct the large transaction. When Jones arrived, he saw Cardenas-Soto standing next to the passenger door of a maroon Oldsmobile. Jones asked to meet Cardenas-Soto alone on the side of the building to complete the transaction. Cardenas-Soto agreed. Cardenas-Soto then turned his back to Jones and the car's driver, Landeros-Perez, handed Cardenas-Soto something. Cardenas-Soto put the object under his jacket near the waistband. At the side of the building, Cardenas-Soto took about ten ounces of cocaine from beneath his coat and handed it to Jones. Rather than paying Cardenas-Soto the $15,000 purchase price, however, Jones gave the arrest signal. As officers handcuffed a struggling Cardenas-Soto, they saw a loaded pistol skidding across the parking lot. Officers also arrested Landeros-Perez. During questioning by a drug enforcement agent, Cardenas-Soto said he carried the gun for protection. Landeros-Perez told the agent it was the first time he had been involved in drug activity.
 
 
 4
 Landeros-Perez asserts the evidence is insufficient to support his convictions. When reviewing the sufficiency of the evidence for a conviction, "we examine the evidence in the light most favorable to the [G]overnment, giving [the Government] the benefit of all reasonable inferences." United States v. Ivey, 915 F.2d 380, 383 (8th Cir. 1990). We reverse a conviction only if "a reasonable fact-finder must have entertained a reasonable doubt about the [G]overnment's proof of one of the offense's essential elements." Id.
 
 
 5
 To establish Landeros-Perez was guilty of conspiracy to distribute cocaine, the Government had to prove he entered into an agreement to achieve an unlawful purpose. United States v. Nunn, 940 F.2d 1128, 1132 (8th Cir. 1991). The jury can infer the existence of an agreement from the surrounding circumstances. Ivey, 915 F.2d at 384. Here, the jury could infer the existence of an agreement from the circumstances surrounding the February 27 transaction. Landeros-Perez drove Cardenas-Soto to the grocery store parking lot late at night, pulled the car alongside Jones's car, and handed Cardenas-Soto an item that Cardenas-Soto placed in his waistband. Cardenas-Soto later removed ten ounces of cocaine from beneath his coat near his waist, and a loaded pistol fell from Cardenas-Soto's clothing during his arrest. When questioned, Landeros-Perez stated it was the first time he had been involved in drug activity. This statement showing Landeros-Perez's knowledge, together with the other evidence, was sufficient to allow the jury to find Landeros-Perez and Cardenas-Soto had formed a conspiracy. See Nunn, 940 F.2d at 1132 (holding evidence sufficient to support conspiracy conviction when, among other things, defendant drove car containing co-conspirator to sell or obtain drugs); United States v. Wainwright, 921 F.2d 833, 835 (8th Cir. 1990) (same); Ivey, 915 F.2d at 384 (same).
 
 
 6
 Landeros-Perez also asserts the evidence was insufficient to support his convictions for distribution of cocaine within 1000 feet of a school and for using a firearm in relation to a drug trafficking crime. The evidence supporting Landeros-Perez's conspiracy conviction also supports his distribution conviction. See United States v. Matlock, 786 F.2d 357, 361 (8th Cir. 1986). As a party to the conspiracy with Cardenas-Soto, Landeros-Perez could be held vicariously liable for Cardenas-Soto's use of a firearm, if the use furthered the conspiracy. Pinkerton v. United States, 328 U.S. 640, 646-48 (1946); United States v. Comeaux, 955 F.2d 586, 591 (8th Cir. 1992). Landeros-Perez need not have participated in or known of Cardenas-Soto's gun use. Comeaux, 955 F.2d at 591. Here, the use of the gun furthered the drug conspiracy and was a reasonably foreseeable consequence of the conspiracy. See United States v. LaGuardia, 774 F.2d 317, 321 (8th Cir. 1985) (recognizing use of firearms to advance criminal drug activities). Thus, sufficient evidence supports Landeros-Perez's distribution and firearm convictions.
 
 
 7
 Both Cardenas-Soto and Landeros-Perez assert the district court abused its discretion in refusing to depart from the sentencing guidelines. Although U.S.S.G. § 2D1.2 sets the base offense level for a drug offense near a protected location, Cardenas-Soto and Landeros-Perez assert the district court should have departed because they were lured into the school zone. Because the guidelines cover this offense and the sentences are within the guidelines range, we lack authority to review the district court's refusal to depart. United States v. Evidente, 894 F.2d 1000, 1004 (8th Cir.), cert. denied, 495 U.S. 922 (1990).
 
 
 8
 Cardenas-Soto contends the district court committed error in denying his motions for a continuance and substitution of counsel. The day before his trial was scheduled to begin, Cardenas-Soto retained counsel to replace his appointed attorney. On the day of trial, the retained attorney filed the motions for a continuance and substitution of counsel. The retained attorney sought the continuance to give him time to prepare for trial. At the hearing on the motions, the retained attorney asserted the appointed attorney had little contact with Cardenas-Soto. Cardenas-Soto, however, did not make this assertion in his affidavit attached to the motions. The district court denied both motions, but ruled the retained attorney could participate in the trial as co-counsel. The retained attorney refused this offer.
 
 
 9
 We review for abuse of discretion the district court's denial of a motion for a continuance. United States v. Weisman, 858 F.2d 389, 391 (8th Cir. 1988), cert. denied, 489 U.S. 1071 (1989). "Continuances are not favored and should be granted only when a compelling reason has been shown." Id. In ruling on Cardenas-Soto's motion, the district court had to balance the need for the continuance against the resulting delay. United States v. Voss, 787 F.2d 393, 401 (8th Cir.), cert. denied, 479 U.S. 888 (1986). We reverse the denial of Cardenas-Soto's motion for substitution of counsel only if Cardenas-Soto shows there was a conflict of interest or a total lack of communication preventing an adequate defense. Stewart v. Morris, 714 F.2d 669, 673 (7th Cir. 1983); see Smith v. Lockhart, 923 F.2d 1314, 1320 (8th Cir. 1991).
 
 
 10
 We conclude Cardenas-Soto failed to show a total lack of communication resulting in an inadequate defense. Although Cardenas-Soto and his attorney had little contact, the appointed attorney participated in discovery, consulted with his client, and prepared for and participated in the trial. Although the attorney waived opening statement, did not cross-examine the Government's witnesses, and gave a brief closing argument, the attorney questioned Lieutenant Jones extensively during a pretrial suppression hearing. In addition, Landeros-Perez's attorney conducted the cross-examinations during the trial. Thus, the district court did not abuse its discretion in denying Cardenas-Soto's motion for substitution of counsel. Having decided not to substitute counsel, the district court did not abuse its discretion in denying the motion for a continuance.
 
 
 11
 Cardenas-Soto also contends the district court denied him effective assistance of trial counsel. The proper procedure for raising this claim, however, is a petition for postconviction relief. United States v. Blackman, 904 F.2d 1250, 1260 (8th Cir. 1990).
 
 
 12
 Accordingly, we affirm.