5 F.3d 531
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Roger W. BENSON, Appellant,
v.
UNITED STATES of America; United States Parole Commission, Appellees.
 No. 92-2995EM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 15, 1993.
Filed: August 26, 1993.
 
 1
 Before FAGG amd MAGILL, Circuit Judges, and STUART,* Senior District Judge.
 
 PER CURIAM
 
 2
 After Roger W. Benson pleaded guilty to two counts of federal income tax evasion, the district court sentenced him to imprisonment for six years. Benson appealed and we affirmed. United States v. Benson, 836 F.2d 1133 (8th Cir. 1988). Benson then filed this motion to correct his sentence under 28 U.S.C. Sec. 2255 alleging his attorney's assistance at sentencing was ineffective. After conducting an evidentiary hearing, a magistrate judge decided the assistance of Benson's attorney was not ineffective, and thus, the magistrate judge recommended denial of Benson's motion. The district court adopted the magistrate judge's recommendation. Benson appeals and we affirm.
 
 
 3
 As a preliminary matter, we note Benson is no longer imprisoned or under parole supervision. Nevertheless, his appeal is not moot because he was in federal custody when he filed his Sec. 2255 motion and the length of his sentence could have collateral consequences in the future. See Carafas v. LaVallee, 391 U.S. 234, 238-39 (1968) (once attached, federal jurisdiction is not defeated by release of habeas petitioner before habeas proceedings challenging conviction are completed); Clemmons v. United States, 721 F.2d 235, 237 n.3 (8th Cir. 1983) (applying Carafas rule in Sec. 2255 case).
 
 
 4
 On appeal, Benson claims his sentencing attorney ineffectively assisted him by allowing the sentencing hearing to proceed when the attorney knew Benson had ingested cocaine and other drugs earlier that morning. The magistrate judge, however, rejected the factual basis of this claim. Benson's sentencing attorney testified that he did not think Benson was under the influence of drugs on the morning of the sentencing hearing. The magistrate judge believed the attorney's testimony. In addition, the magistrate judge found the transcript of the sentencing hearing contained no suggestion that Benson was under the influence of drugs, that Benson did not understand the nature and purpose of the hearing, or that Benson could not effectively participate in the hearing. The magistrate judge's credibility determination and other factual findings are not clearly erroneous. Anderson v. City of Bessemer City, 470 U.S. 564, 575 (1985).
 
 
 5
 Benson next contends the magistrate judge committed error in granting the Government's motion to quash the subpoena of a Federal Bureau of Investigation agent directing the agent to appear at the evidentiary hearing on Benson's Sec. 2255 motion. Benson contends this violated his due process right to compulsory process under the Sixth and Fourteenth Amendments. The magistrate judge found the agent's testimony would not be relevant to Benson's claim of ineffective assistance of counsel at sentencing. Although the agent knew of Benson's past drug use, the agent had no knowledge about whether Benson was under the influence of drugs at his sentencing. Because the agent's testimony was not material, quashing the subpoena did not violate Benson's right to due process. See United States v. Rubin, 836 F.2d 1096, 1101 (8th Cir. 1988).
 
 
 6
 Benson also asserts the district court erroneously limited the evidentiary hearing to Benson's claim of ineffective assistance of counsel at sentencing. Benson asserts the district court should have allowed him to expand the issues or to amend his motion to include claims about an alleged cooperation agreement separate from the written plea agreement. Although Benson asserts the cooperation agreement was an oral agreement to "pass on all prosecution," Benson chose to plead guilty and testified at his guilty plea proceeding that the plea agreement's terms were acceptable to him and that no other promises had been made. The magistrate judge found the written plea agreement did not contain any reference to a promise of no prosecution or no incarceration. Further, in Benson's direct appeal, we rejected his contention that his prosecution violated the terms of the plea agreement. 836 F.2d at 1136. Thus, the district court committed no error in refusing to expand the issues at the evidentiary hearing.
 
 
 7
 Benson's remaining arguments are without merit. Accordingly, we affirm the district court's denial of Benson's Sec. 2255 motion.
 
 
 
 *
 The HONORABLE WILLIAM C. STUART, Senior United States District Judge for the Southern District of Iowa, sitting by designation