14 F.3d 611
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Larry K. WREN, Jr., Appellant.
 No. 92-2142.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 10, 1993.
Filed: December 14, 1993.
 
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Larry K. Wren, Jr., appeals his convictions by jury of aiding and abetting the distribution of less than 100 grams of phencyclidine (PCP) and using a firearm during a drug trafficking crime. He contends the District Court[1] erred in denying his motion for judgment of acquittal based on insufficiency of the evidence. We affirm.
 
 
 2
 At the trial, Alesia Prince, a narcotics detective for the Kansas City, Missouri, Police Department, testified that on November 5, 1991, she approached a man, later identified as Robert Byrd, outside an apartment house and told him that she wanted to buy a "twenty," which she testified meant that she wanted to purchase a More brand cigarette dipped in PCP. She testified that after she followed Byrd into an apartment, Wren pointed a shotgun at her stomach and asked if she was the police. While another man prepared the cigarette, Wren jabbed the shotgun at her and repeatedly asked her if she was the police. She testified that during the entire drug transaction she stood two feet away from Wren, and that her attention was focused on Wren's face because she believed he might shoot her and she wanted to be able to identify him. Later that evening, Prince learned Wren's name after she chose his photograph from a photo spread containing face shots of four black males.
 
 
 3
 Another police officer testified that Wren was arrested because he matched the description of the individual Prince described after she completed the drug purchase. He also testified that another individual who had initially been detained was released because he had no outstanding warrants and did not match the description of anybody involved in the sale.
 
 
 4
 Robert Byrd testified for the defense. He corroborated Prince's testimony that he invited her into the apartment so that she could purchase a PCP cigarette. He testified that no one pointed a gun at Prince while she was in the apartment and that Wren was not in the apartment at the time of the purchase.
 
 
 5
 Wren testified that prior to his arrest he used PCP two times per day. He also testified that he was not present during Prince's drug purchase and that police arrested him while he was outside the apartment in his car waiting for another individual who was purchasing PCP.
 
 
 6
 When reviewing the denial of a motion for judgment of acquittal, we examine the evidence in the light most favorable to the government and give the government the benefit of any reasonable inferences drawn from the evidence. See United States v. Patterson, 886 F.2d 217, 218 (8th Cir. 1989) (per curiam). "The jury verdict is to be overturned only if the evidence is such that reasonably minded jurors must have a reasonable doubt as to the existence of any of the essential elements of the crime." United States v. Campbell, 848 F.2d 846, 850 (8th Cir. 1988) (emphasis in original). The District Court correctly concluded that sufficient evidence existed to support the jury's verdicts. Prince identified Wren at trial and testified that she looked at his face the whole time that he pointed the shotgun at her stomach because she was afraid that he would shoot her. In addition, her description of what the perpetrator was wearing matched the clothes Wren was wearing at the time of his arrest. Viewing the evidence in the light most favorable to the government, we have little difficulty in concluding that the District Court did not err in denying Wren's motion.
 
 
 7
 We note that Wren waived any argument that an impermissibly suggestive photo array was shown to Prince, because he failed to object to its admission into evidence, and he has not made the actual array part of the record on appeal.
 
 
 8
 Accordingly, we affirm.
 
 
 9
 A true copy.
 
 Attest:
 
 10
 CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.
 
 
 
 [1]
 The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri