_____

No. 96-2046
_____

United States of America,          *
                                   *
            Appellee,              *
                                   *  Appeal from the United States
    v.                             *  District Court for the
                                   *  Western District of Arkansas.
Chad Allen Beers,                  *
                                   *        [UNPUBLISHED]
            Appellant.             *


_____

      Submitted:  January 31, 1997

         Filed:  February 6, 1997
_____

Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.
_____

PER CURIAM.


     Chad Allen Beers was charged with escaping from the custody of the
United States Marshal's Service, in violation of 18 U.S.C. § 751(a), while
he was housed at a county jail under a writ related to a pending federal
charge.  He subsequently filed a Federal Rule of Criminal Procedure 17(b)
motion for the subpoena of six witnesses for his insanity defense.  The
district court[1] denied the motion as to five of the requested
witnesses; and, at trial, denied Beers's motion for judgment of
acquittal based on insufficiency of the evidence.  The jury
returned a verdict of guilty.  Beers appeals, arguing that the
district court erred in denying the five subpoenas and that the
evidence was insufficient to establish he was in federal custody.

_____

     [1]The Honorable H. Franklin Waters, Chief Judge, United States
District Court for the Western District of Arkansas.

We hold the district court did not abuse its discretion in ruling on the motion for subpoenas. See United States v. Hang, 75 F.3d 1275, 1282 (8th Cir. 1996) (standard of review). At the motion hearing, Beers's attorney indicated that he had sought the subpoenas at Beers's direction, but that he did not believe five of the requested witnesses could provide testimony as to Beers's mental condition on the date of the alleged escape. Thus, Beers failed to carry his burden under Rule 17(b) to show those witnesses were necessary to an adequate defense. See United States v. Wyman, 724 F.2d 684, 686 (8th Cir. 1984) (burden on requesting party; reversal appropriate only if "exceptional circumstances" of case indicate defendant's right to complete, adequate, and fair trial is jeopardized).

As to Beers's insufficient-evidence argument, we view the evidence in the light most favorable to the government, giving it the benefit of all reasonable inferences. See United States v. Patterson, 886 F.2d 217, 218 (8th Cir. 1989) (per curiam). At trial the government introduced, without objection, copies of the writ by which the Marshal's Service obtained custody of Beers, the contract authorizing the jail to house federal prisoners, and Beers's book-in sheet. The jail supervisor also testified that Beers was a federal prisoner at the time he escaped. We hold this was sufficient evidence to "allow a reasonable-minded jury to conclude . . . beyond a reasonable doubt" that Beers was in federal custody at the time of his escape. See United States v. Erdman, 953 F.2d 387, 389 (8th Cir.), cert. denied, 505 U.S. 1211 (1992).

Accordingly, we affirm.

A true copy.

Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.