107 F.3d 876
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Chad Allen BEERS, Appellant.
 No. 96-2046.
 United States Court of Appeals, Eighth Circuit.
 Submitted Jan. 31, 1997.
Filed Feb. 6, 1997.
 
 Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Chad Allen Beers was charged with escaping from the custody of the United States Marshal's Service, in violation of 18 U.S.C. § 751(a), while he was housed at a county jail under a writ related to a pending federal charge. He subsequently filed a Federal Rule of Criminal Procedure 17(b) motion for the subpoena of six witnesses for his insanity defense. The district court[1] denied the motion as to five of the requested witnesses; and, at trial, denied Beers's motion for judgment of acquittal based on insufficiency of the evidence. The jury returned a verdict of guilty. Beers appeals, arguing that the district court erred in denying the five subpoenas and that the evidence was insufficient to establish he was in federal custody.
 
 
 2
 We hold the district court did not abuse its discretion in ruling on the motion for subpoenas. See United States v. Hang, 75 F.3d 1275, 1282 (8th Cir.1996) (standard of review). At the motion hearing, Beers's attorney indicated that he had sought the subpoenas at Beers's direction, but that he did not believe five of the requested witnesses could provide testimony as to Beers's mental condition on the date of the alleged escape. Thus, Beers failed to carry his burden under Rule 17(b) to show those witnesses were necessary to an adequate defense. See United States v. Wyman, 724 F.2d 684, 686 (8th Cir.1984) (burden on requesting party; reversal appropriate only if "exceptional circumstances" of case indicate defendant's right to complete, adequate, and fair trial is jeopardized).
 
 
 3
 As to Beers's insufficient-evidence argument, we view the evidence in the light most favorable to the government, giving it the benefit of all reasonable inferences. See United States v. Patterson, 886 F.2d 217, 218 (8th Cir.1989) (per curiam). At trial the government introduced, without objection, copies of the writ by which the Marshal's Service obtained custody of Beers, the contract authorizing the jail to house federal prisoners, and Beers's book-in sheet. The jail supervisor also testified that Beers was a federal prisoner at the time he escaped. We hold this was sufficient evidence to "allow a reasonable-minded jury to conclude ... beyond a reasonable doubt" that Beers was in federal custody at the time of his escape. See United States v. Erdman, 953 F.2d 387, 389 (8th Cir.), cert. denied, 505 U.S. 1211 (1992).
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas