**UNITED STATES of America, Appellee,**

v.

**Lonnie James BROWN, Appellant.**

**No. 90–1691.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1990.

Decided March 5, 1991.

Rehearing Denied April 12, 1991.

Byron Rhodes, Hot Springs, Ark., for appellant.

Steven N. Snyder, Fort Smith, Ark., for appellee.

Before JOHN R. GIBSON, Circuit Judge, HENLEY, Senior Circuit Judge, and CONMY,* Chief District Judge.

CONMY, Chief District Judge.

Lonnie James Brown was convicted of seven counts of distribution of marijuana; three counts of distribution of cocaine; one count of conspiracy to distribute cocaine; and two counts of conspiracy to distribute marijuana. In addition, he was convicted of seven counts relating to unlawful possession of firearms and ammunition by a convicted felon. The District Court[1] sentenced Brown to a total of 200 months in prison, followed by 36 months of supervised release.

## FACTS.

Ken Maddox was a paid informant, working for both state and federal drug enforcement agencies. Maddox had a previous conviction on a "hot check" charge, a felony, and had been through treatment for alcohol and chemical dependency. In addition, according to defense witnesses, Maddox's reputation for honesty was less than sterling. Maddox introduced Brown to representatives of drug enforcement agencies, and various purchases and sales of cocaine and marijuana were transacted. The weapons and ammunition were discovered following his arrest at the end of the marijuana sting operation.

## THEORY OF DEFENSE.

Quoting the appellant's brief, "Appellant's defense to the controlled substance charges was essentially entrapment; his defense to the ammunition and firearm charges was innocence. After a five-day trial on February 16, 1990, Appellant was convicted on all counts."

The entrapment defense appears to depend upon a showing to the jury that Maddox's description of events describing Brown's willingness at the outset to participate in the drug deals was not credible.

## ASSIGNMENTS OF ERROR.

The assignments of error relating to the credibility of Maddox are:

1. The prosecution withheld exculpatory information (*Brady* material) regarding the prior criminal record of Maddox, his alcohol and drug dependency, his status in terms of outstanding warrants and possible psychiatric treatment.

2. The defendant's right to adequately confront the prosecution's key witness was violated, in that the trial judge restricted cross-examination into whether a warrant was outstanding for an alleged probation violation, and his prior arrests.

3. His indigent defendant's right to subpoena witnesses at government expense was violated. Witnesses were to testify to Maddox's reputation for dishonesty and cheating; chemical and substance abuse, treatment, etc. Only those testifying regarding his reputation for dishonesty and cheating were produced at government expense.

4. The trial judge suppressed evidence that the government's key witness had an outstanding arrest warrant (same as #2 above).

5. The instructions regarding burden of proof on entrapment were in error.

6. The trial judges' refusal to authorize the hiring of a private investigator at government expense deprived the defendant of a fair trial.

Other assignment of error relate to the denial of a motion to dismiss based upon outrageous government conduct; the trial court's exclusion of a proffered "re-enactment of an act of sawmill sabotage;" difficulties during voir dire; refusal of an audio tape of a meeting between Maddox and the defendant's wife; refusal to order the government to produce a witness list, while requiring the defendant to identify those he wished subpoenaed at government expense; a challenge to the constitutionality

---

* The HONORABLE PATRICK A. CONMY, United States Chief District Judge for the District of North Dakota.

1. The Honorable Oren Harris, United States Senior District Judge, for the Eastern and Western Districts of Arkansas.

of the sentencing guidelines; denials of motions for judgment of acquittal based on evidence insufficiency; and references to perjured testimony.

## ANALYSIS.

We find the defendant's arguments unconvincing. Many of the citations and other authorities contained in the defendant's brief have no factual bases for their application, and some are completely inappropriate to the point being urged.

As an illustration, the appellant's brief in support of the claimed error regarding restriction of the cross-examination of Maddox recited, "Prior arrests, pending indictment, plea agreements and probation violation [FRCrP 609(a) ] as well as monies paid to informants may all be explored on cross-examination as evidence of credibility. *United States v. Shaffer*, 789 F.2d 682 (9th Cir.1986)."

The Federal Rules of Criminal Procedure do not contain a Rule 609. The Federal Rules of Evidence contain a Rule 609(a), but the rule bears little or no relation to prior arrests, pending indictments, plea agreements, and probation violations. In substance, it states that credibility of a witness may be attacked by admission of prior convictions if of a felony, or of dishonesty or false statement regardless of punishment.

The *Shaffer* case cited is good authority for the position that the government must disclose all payments and all other types of forgiveness or leniency given to a government witness under the *Brady* requirement. It is not authority for the claim that prior arrests, or claimed probation violations are admissible, or in a related vein, that siring illegitimate children is proof of dishonesty.

A review of the other claims of error show either no legal basis, or more importantly, no factual basis for the claimed error:

1.  Failure to disclose *Brady* material.
    █ The record reveals that the defendant was much more familiar with the background of Maddox than was the prosecutor. On cross-examination, Maddox admitted the prior felony conviction, acknowledged the chemical and substance dependency, admitted the course of treatment, and that he was a paid informant working for both state and federal authorities.

3.  Refusal to authorize subpoenas.
    The trial court properly determined that the stated purpose of the attendance of the witness showed the testimony to be inadmissable.

5.  Improper instruction regarding entrapment.
    █ The court used Devitt and Blackmar, *Federal Jury Practice and Instructions*, 3rd Ed. #13.09, which is a proper statement of the law. The court notes the government's apparent contribution to the confusion in its brief, through its misquote of # 9.01 of the 8th Circuit Manual of Model Criminal Instructions, wherein an entire sentence was omitted.

9.  Problems with voir dire.
    █ The defendant was afforded a much more extensive voir dire than allowed in many courts. The assigned error appears to be the requirement that the defense counsel conform to the practice of the court in allowing counsel to question jurors as a group rather than individually, after counsel had been allowed to individually question a few jurors. Many courts do not allow counsel to put questions to the prospective jurors, requiring that suggested questions be submitted to the court for use. No record was made at the time of the ruling by the court, and the allowed procedure not even pursued thereafter by defense counsel.

The claimed error in the denial of the motions for acquittal on the weapons and firearms counts, basing upon claimed insufficiency of the evidence, has more merit. The .30–.30 calibre shells, the long rifle shells, the boxes of .45 calibre shells, the seven loaded clips of .45 calibre ammunition, the .22 calibre magnum derringer pistol, the Colt Combat Commander .45 calibre

automatic pistol, and the Colt Government Model .45 calibre automatic pistol were found in the home occupied by the defendant and his wife. Brown denied ownership, possession, or control. His wife claimed ownership, and indicated the weapons and ammunition were brought into the bedroom only when the defendant was going to be away; that they were for the protection of herself and their three daughters. Their home is in a remote rural location.

The defense argument appears to be that mere location in the residence, when accompanied by direct testimony of Mrs. Brown regarding ownership, is not a sufficient basis for submission to the jury.

■ In evaluating the claims of insufficiency of the evidence, we consider the evidence in the light most favorable to the government, giving the government the benefit of all reasonable inferences that can be drawn from the evidence. *United States v. Patterson*, 886 F.2d 217, 218 (8th Cir.1989) (per curiam). We must uphold the verdicts, if a reasonable jury would have found guilt beyond a reasonable doubt. *Id.* at 218. The evidence need not exclude every reasonable hypothesis other than guilt. *United States v. Schubel*, 912 F.2d 952, 955 (8th Cir.1990).

■ The trial court and the jury had the opportunity to evaluate the credibility of the witnesses offering testimony on the issue. They obviously did not accept the defendant's arguments regarding ownership of the weapons. We find it was reasonable under the circumstances to infer that Brown owned the weapons; therefore, we find the evidence was sufficient to support the convictions.

The above are illustrations of the lack of merit in various of the alleged errors. Review of the remaining claims shows them to be equally lacking in merit.

The convictions and judgment are affirmed.