UNITED STATES of America, Appellee,

v.

Lonnie James BROWN, Appellant.

UNITED STATES of America, Appellee,

v.

Russell Louis KOOK, Appellant.

Nos. 91–1013, 91–1015.

United States Court of Appeals, Eighth Circuit.

Submitted June 10, 1991.

Decided Sept. 24, 1991.

Rehearing and Rehearing En Banc Denied Oct. 31, 1991.

Morris Berman, Madison, Wis., argued, for appellant Kook; Charles Giesen, on the brief.

Byron Rhodes, Hot Springs, Ark., for appellant Brown.

Steven Snyder, Asst. U.S. Atty., Fort Smith, Ark., for appellee.

Before JOHN R. GIBSON, Circuit Judge, and ROSS and HENLEY, Senior Circuit Judges.

HENLEY, Senior Circuit Judge.

Lonnie James Brown and Russell Louis Kook challenge their convictions and sentences imposed after a jury found them guilty of conspiracy to distribute marijuana and using a telephone to facilitate the conspiracy in violation of 21 U.S.C. §§ 841(a), 843, and 846. Brown was sentenced to 200 months imprisonment, followed by a 60–month term of supervised release. Kook, who was also found guilty of possession of marijuana in violation of 21 U.S.C. § 844, was sentenced to 60 months imprisonment, followed by a 36–month term of supervised release. We affirm the convictions but reverse and remand for resentencing.

This is Brown's third appeal arising from his involvement in an undercover "sting" operation. The facts are stated briefly. Ken Maddox, a confidential informant, introduced Brown to Drug Enforcement Administration agent John Roberts. Roberts delivered 3,000 pounds of marijuana to Hot Springs, Arkansas, where Brown had arranged for prospective purchasers to meet. On June 21, 1989 Allan Thompson, Sam Wainwright, Brown and Kook met Roberts at a grocery store parking lot. Roberts, Brown and Thompson went to inspect the marijuana. After Thompson inspected the marijuana, Roberts arrested Thompson and Brown. Roberts then returned to the parking lot and arrested Kook and Wainwright.

Brown's arrest resulted in three indictments. The first indictment charged conspiracy with Thompson; the second indictment charged conspiracy with Wainwright; and the third indictment charged conspiracy with Kook. The Wainwright and Thompson cases were consolidated for trial, and in February 1990 the jury convicted Brown and Wainwright. Thompson apparently pleaded guilty.

In June 1990 Brown moved to dismiss the indictment giving rise to this appeal, claiming a double jeopardy violation because the facts supporting the indictment were essentially the same as those supporting the prior indictments. The district court refused to dismiss and this court affirmed. In *United States v. Brown*, 926 F.2d 779, 781 (8th Cir.1991) (per curiam), this court noted that "[t]he double jeopardy clause prohibits the subdivision of a single conspiracy into multiple violations." This court, however, found no violation, because there were multiple conspiracies with "'separate agreements made at different times and by different people.'" *Id.* at 782 (quoting *United States v. Thomas*, 759 F.2d 659, 667 (8th Cir.1985)).

In *United States v. Brown*, 927 F.2d 406 (8th Cir.1991) (*Brown II*), this court affirmed Brown's conviction and sentence resulting from the first trial. This court found without merit Brown's numerous arguments concerning, among other things, *Brady* violations, entrapment, Maddox's credibility, and sufficiency of the evidence. Brown attempts to raise those arguments as they relate to this appeal. On review of the record, we find those assertions and those raised in Brown's brief and pro se reply brief are without merit.[1]

■ We, however, find merit to Brown's assertion that his sentence must be vacated because the district court failed to resolve an issue of disputed fact concerning the quantity of the marijuana. "Federal Rule of Criminal Procedure Rule 32(c)(3)(D) requires a sentencing court to either resolve alleged factual inaccuracies in a presentence report by making a specific finding or to explicitly determine that no such finding is necessary because the controverted matter will not be taken into account at sentencing." *United States v. Shyres*, 898 F.2d 647, 658 (8th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 69, 112 L.Ed.2d 43 (1990). In addition, we remind the district court that Rule 32(c)(3)(D) "also requires the court to append a copy of its finding or determination to the presentence report." *Id.*

Application Note 1 to Sentencing Guidelines § 2D1.4 provides that "[i]f the defendant is convicted of an offense involving negotiation to traffic in a controlled substance, the weight under negotiation in an uncompleted distribution shall be used to calculate the applicable amount." However, the note further provides "where the court finds that the defendant did not intend to produce and was not reasonably capable of producing the negotiated amount, the court shall exclude from the guideline calculation the amount that it finds the defendant did not intend to produce and was not reasonably capable of producing." [2]

The presentence report recommended that Brown be sentenced on the 3,000 pounds of marijuana that the government supplied.[3] In objections to the report Brown argued that he should have been sentenced on at most 1,000 pounds, because there was no reliable evidence that he agreed to purchase the 3,000 pounds, or had the capability to arrange purchasers for that amount. At the sentencing hearing, Brown's counsel argued that it would be "unfair" to sentence Brown on the 3,000 pounds, because he had already been sentenced on that same amount in *Brown II.* The court granted Brown's request to address the quantity issue. In arguing that there was no reliable evidence to support a sentence based on the 3,000 pounds of marijuana, Brown told the court:

> I don't think there's the slightest possibility that the jury understood or felt any obligation to decide how much of the 3000 pounds the defendant was responsible for. None of the charges in the indictment said anything about 3000

---

1. The government has filed a motion to strike Brown's brief. Although Eighth Circuit Rule 28A(j) prohibits incorporation by reference, because of the unusual posture of this case we have reviewed the arguments raised in *Brown II* as they relate to this appeal. Accordingly, we deny the government's motion to strike Brown's brief. We also deny Brown's motion seeking to dismiss counsel for alleged ineffective assistance at trial and on appeal. Brown, of course, may raise his ineffective assistance of counsel claims in a 28 U.S.C. § 2255 motion.

2. In *United States v. Foley*, 906 F.2d 1261, 1265 (8th Cir.1990), this court held that a district court's finding as to negotiated quantity was clearly erroneous where conversations by an agent concerning price for cocaine showed "nothing approaching an agreement or negotia-

tion." The court stated, "We should not countenance allowing the government to manufacture conduct or negotiation without some evidence of knowing participation by the defendant in that conduct or negotiation." *Id.* Compare *United States v. O'Meara*, 895 F.2d 1216, 1221 (8th Cir.) (even though offer originated with government, where defendant participated in negotiation, court could sentence on basis of negotiated amount), *cert. denied*, —— U.S. ——, 111 S.Ct. 352, 112 L.Ed.2d 316 (1990).

3. In *United States v. Adames*, 901 F.2d 11, 12 (2d Cir.1990), the court held that even though Application Note 1 to § 2D1.4 contemplated the defendant as the seller of drugs, the section was also applicable if the defendant was the buyer and the government the seller.

pounds. And the jury merely found us guilty as charged, that we were involved in a conspiracy and we used the telephone.

The district court responded, "The court is directed to consider the facts to be presented to the jury for their determination, and they have made a determination. And, consequently, it is not for this court to make that decision." After providing allocution, the court then imposed a sentence of 200 months to run concurrent with the 200–month sentence imposed in *Brown II.*

We first note that Brown was correct that the indictment did not specify quantity, nor did the jury find him guilty of conspiracy to distribute any particular quantity of marijuana. This is not surprising. In *United States v. Wood,* 834 F.2d 1382 (8th Cir.1987), a defendant argued that he could not be sentenced under 21 U.S.C. § 841(b), which provides mandatory sentences for offenses involving specified quantities of drugs, because quantity was not alleged in the indictment, nor tried to the jury. This court rejected his argument, explaining that drug quantity was not an element of the offense, but rather a consideration for the sentencing court. *Id.* at 1388–89. *See also United States v. Gohagen,* 886 F.2d 1041, 1043 (8th Cir.1989) (per curiam) ("sufficiency of the evidence relating to the weight of the cocaine was a matter for the sentencing judge, not the jury, to resolve").

In *United States v. Jacobo,* 934 F.2d 411 (2d Cir.1991), the Second Circuit vacated a sentence because the district court also believed that it was bound by the jury's finding as to quantity, even where the indictment charged a specific quantity and jury interrogatories specified quantity. The court held that § 2D1.4 "required the court itself to make findings with respect to the defendants' intent and ability to produce the negotiated quantity." *Id.* at 416–17.

We therefore affirm Brown's conviction but vacate the sentence and remand for resentencing.

■ Kook first argues that the district court erred in failing to grant his motion to sever his trial from that of Brown's, and thereby denied him his right to prepare a defense. Kook argues if there had been separate trials Brown would have testified in accordance with a written statement, in which he denied that he had had any discussions with Kook concerning drugs and that Kook had come to purchase crystals. In telephone conversations, Kook told Brown he wanted to purchase "crystals," if the crystals were of satisfactory quality. Evidence at trial indicated "crystal" was a code word for marijuana. In these circumstances, we agree with the government that the district court did not abuse its discretion in refusing to sever the trials. *See United States v. Foote,* 920 F.2d 1395, 1400 n. 3 (8th Cir.1990) (expressing "serious doubts that a bald assertion by one defendant that he or she will testify as to the innocence of another can be said to be sufficiently exculpatory to mandate severance"), *cert. denied,* —— U.S. ——, 111 S.Ct. 2246, 114 L.Ed.2d 487 (1991). Nor was severance required to avoid the "spillover" effect of bad acts evidence concerning Brown. *See id.* at 1398.

■ Kook also challenges the sufficiency of the evidence. He first argues there was no evidence of an agreement, contending that a conditional offer to buy is insufficient. We disagree. *See United States v. Anello,* 765 F.2d 253, 262 (1st Cir.) (conditional offer to purchase is sufficient for conspiracy purposes, "as long as the potential buyer believes the condition likely to be fulfilled"), *cert. denied,* 474 U.S. 996, 106 S.Ct. 411, 88 L.Ed.2d 361 (1985). Kook next argues there was insufficient evidence that he conspired with Brown to distribute marijuana, asserting that the evidence showed at most a "buyer-seller" relationship. Again, we disagree. There was sufficient evidence from which the jury could infer that Kook intended to purchase the marijuana for distribution and was aware of other individuals involved in conspiracies with Brown. *See United States v. Schmidt,* 922 F.2d 1365, 1369 (8th Cir.1991) (per curiam) (evidence indicated more than buyer-seller relationship).

**62**

Also without merit are Kook's arguments concerning Maddox's testimony, *see United States v. Singer*, 785 F.2d 228, 241–42 (8th Cir.) (no sixth amendment violation "if the defendant has available effective alternative means of exploring relevant matters on cross-examination"), *cert. denied*, 479 U.S. 883, 107 S.Ct. 273, 93 L.Ed.2d 249 (1986), and the identification and inventory search of his automobile, *see Florida v. Wells*, 495 U.S. 1, 110 S.Ct. 1632, 109 L.Ed.2d 1 (1990) (pursuant to standardized criteria or established routine police may open closed containers during inventory search).[4]

Accordingly, we affirm Kook's conviction. However, as in Brown's appeal, we must vacate Kook's sentence. The government concedes that the district court denied Kook the opportunity for allocution, as required by Fed.R.Crim.P. 32(a)(1)(C). In *United States v. Walker*, 896 F.2d 295 (8th Cir.1990), this court stated that "failure to comply with rule 32(a)'s requirement requires a remand for resentencing." *Id.* at 301. The court noted that the rule is not satisfied by allowing counsel to speak and that "[t]he defendant is not required to indicate that she wishes to address the court nor is the right of allocution lost for failing to make such an indication." *Id.* In addition, we agree with Kook that the district court failed to make written findings of fact and append them to the presentence report, as Rule 32(c)(3)(D) requires.

Kook also challenges the sufficiency of the evidence concerning the district court's determination that he intended to purchase 210 pounds of marijuana, asserting that the court impermissibly relied on hearsay testimony in violation of *United States v. Fortier*, 911 F.2d 100 (8th Cir.1990). In *Fortier*, this court held that the confrontation clause was applicable at sentencing. Although we are somewhat troubled by this argument, in light of the remand for resentencing, at this time we need not resolve this issue. We note, however, that *Fortier* is being reconsidered by the court en banc in *United States v. Wise*, 923 F.2d 86 (8th Cir.1991).

Accordingly, we affirm the convictions of Brown and Kook, but vacate their sentences and remand for further proceedings consistent with this opinion.

---

4. Kook does not assert that the agents lacked authority to open a coffee can containing marijuana found in the front seat of his sister's automobile. Excerpts from the *Legal Handbook for Special Agents*, which Kook introduced at the suppression hearing, instructs agents to conduct "a prompt thorough inventory of the [automobile] interior (including the trunk and glove box) and any containers therein...." Instead Kook alleges that the agents failed to observe other handbook provisions. For example, the handbook provides that "agents should take "great care ... to minimize damage to the property while gaining access to conduct the inventory." Kook points out the agents caused approximately $400.00 worth of damage, primarily related to the opening of the trunk. Assuming that Kook had standing to challenge the search of his sister's automobile and that there were violations, we do not believe any alleged violations demonstrate sufficient bad faith to invalidate the otherwise lawful opening of the coffee can. *See Colorado v. Bertine*, 479 U.S. 367, 374, 107 S.Ct. 738, 742, 93 L.Ed.2d 739 (1987) ("reasonable police regulations relating to inventory procedures administered in good faith satisfy the Fourth Amendment"). We note that the Supreme Court has recently approved the opening of closed containers found during other warrantless automobile searches. *California v. Acevedo*, — U.S. —, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991) (probable cause search); *Florida v. Jimeno*, — U.S. —, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991) (consent search).