982 F.2d 526
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Russell Louis KOOK, Appellant.
Lonnie James Brown, Appellant,
v.
United States of America, Appellee.
 No. 92-1290, No. 92-1294.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 3, 1992.
Filed: December 16, 1992.
 
 Before McMILLIAN, FAGG, and HANSEN, Circuit Judges.
 HANSEN, Circuit Judge.
 
 
 1
 Russell Louis Kook and Lonnie James Brown were convicted by jury verdict of conspiracy to distribute marijuana and of using a telephone to facilitate the conspiracy in violation of 21 U.S.C. §§ 841(a), 843, and 846. We previously affirmed the convictions of Kook and Brown in this matter, but remanded their cases for resentencing. United States v. Brown, 946 F.2d 58 (8th Cir. 1991). Kook and Brown now appeal the sentences imposed upon resentencing. We remand Kook's case again for another resentencing, but affirm the district court's resentencing of Brown.
 
 I. Resentencing of Kook
 
 2
 Kook argues that the evidence did not support the district court's fact finding attributing Kook with 210 pounds of marijuana. "As with all factual findings under the Guidelines, we review a district court's determination of drug quantity for clear error." United States v. Simmons, 964 F.2d 763, 773 (8th Cir. 1992) (citations omitted). "We reverse only if the entire record leaves us with the 'definite and firm conviction that a mistake has been committed.' " Id. (citations omitted). We conclude that this is such a case.
 
 
 3
 The district court set forth the following written findings of fact after the sentencing hearing.
 
 
 4
 .... The government's proof showed that Special Agent John Roberts was working undercover as a marijuana supplier. He and Mr. Brown had various discussions concerning the amount of marijuana to be produced to Mr. Brown. Mr. Brown indicated that he knew two people who would take 250 lbs. of marijuana.
 
 
 5
 On the day of the transaction, Mr. Brown told Agent Roberts that someone was with him regarding the marijuana, and the other person would be later. Mr. Brown indicated that the person with him and the person on the way would take 250 lbs. Russell Kook later telephoned Brown's residence to receive directions to the meeting place.
 
 
 6
 Agent Roberts took Brown and Thompson to the marijuana storage area. Thompson gave Agent Roberts $20,000 for approximately 37 to 40 lbs. of marijuana. Brown and Thompson were then arrested. Kook was arrested later, and a search of his car revealed a small quantity of marijuana.
 
 
 7
 See United States v. Kook, Crim. No. 89-60016-01, at 2-3 (W.D. Ark. 1992) (findings of fact). After subtracting the approximately 40 pounds of marijuana purchased by Thompson from the total amount of 250 pounds that Brown's contacts were supposed to buy, the district court apparently presumed that the remaining 210 pounds was attributable to Kook.
 
 
 8
 Other relevant and important facts, however, were not addressed by the district court. Sam Carl Wainwright arrived with Kook on that day. United States v. Wainwright, 921 F.2d 833, 835 (8th Cir. 1990). Wainwright was also arrested and convicted of conspiracy to distribute marijuana. Id. Agent Roberts testified that Wainwright had the ability and the intent to purchase hundreds of pounds of marijuana. Agent Roberts also testified that yet another individual was to arrive later that night. In addition, Brown told Kook in a recorded telephone conversation that it was a "cash and carry deal." Kook presented uncontradicted evidence of his finances, which were sufficient to purchase approximately ten pounds of marijuana but insufficient to purchase 210 pounds.
 
 
 9
 Based on the evidence, we find the district court's finding attributing Kook with 210 pounds of marijuana was clearly erroneous. We are left with the definite and firm conviction that the preponderance of the evidence[1] does not support attributing Kook with 210 pounds of marijuana. Therefore, we again vacate Kook's sentence and remand for resentencing.
 
 
 10
 Kook also argues that the district court should have given him a downward adjustment for minor or minimal participation. Upon remand, the district court should reconsider this issue to the extent that it previously refused the adjustment based on its finding attributing Kook with 210 pounds of marijuana.
 
 II. Resentencing of Brown
 
 11
 On Brown's previous appeal, we held that a fact finding with respect to the quantity of marijuana for which Brown was held accountable was required pursuant to Federal Rule of Criminal Procedure 32(c)(3)(D) and remanded Brown's case for resentencing for such a finding. Brown, 946 F.2d at 60-61. Brown argues that the district court erred during resentencing by again failing to make the required fact finding.
 
 
 12
 During the resentencing on January 22, 1992, the district court did not make the required finding, but instead stated that a specific finding with respect to the quantity of marijuana was unnecessary. See resentencing transcript, at 35, 36, and 39. The district court, however, did indicate at the resentencing hearing that the court's final findings with respect to Brown would be subsequently written and attached to the presentencing report. See resentencing transcript, at 44. On January 28, 1992, the district court filed written findings of fact. The court concluded:
 
 
 13
 From all the facts presented at trial, and Mr. Brown's admitted history with drugs, the court found that the proper marijuana weight for sentencing purposes was 3,000 lbs. The evidence showed that Mr. Brown knew Agent Roberts was bringing 3,000 lbs. for the transaction, and Mr. Brown acquiesced.
 
 
 14
 See United States v. Brown, Crim. No. 89-60016-02, at 3 (W.D. Ark. 1992) (findings of fact). Although the court's initial oral statements were not sufficient to satisfy Federal Rule of Criminal Procedure 32(c)(3)(D), the subsequent written findings of fact with regard to quantity did comply with the rule, and support the sentence the court did impose. We address whether they are supported by the evidence later in this opinion.
 
 
 15
 The initial oral findings could be considered interlocutory, and therefore, subject to modification before entry of judgment. See Diaz v. Indian Head, Inc., 686 F.2d 558, 562-63 (7th Cir. 1982) (citation omitted); 1B Moore's Federal Practice p 0.409, at 301 (1992). In this case, however, judgment was entered on January 23, 1992, five days before the subsequent adequate written findings of facts were filed. To return this case again to the district court for the entry of fact findings already made and found adequate and for the reimposition of a sentence hereinafter found justified would be a needless triumph of form over substance in which we decline to engage. We, however, remind the district courts that their responsibility is to make fact findings at the proper time pursuant to the established rules of procedure. Based on its subsequent written findings of fact, we find that the district court ultimately made the necessary findings with respect to quantity.
 
 
 16
 Brown next argues that the evidence was not sufficient to support the district court's finding that Brown intended to produce buyers for or was reasonably capable of buying 3,000 pounds of marijuana. In addition to the above quoted language of the district court's findings of facts, the court summarized the government's proof.
 
 
 17
 The government's proof showed that Special Agent John Roberts was working undercover as a marijuana supplier. He and Mr. Brown had various discussions concerning the amount of marijuana to be produced to Mr. Brown. These discussions were recorded by a wire tap. On several occasions Agent Roberts stated that he had 3,000 lbs. of marijuana to supply. Mr. Brown would responded [sic] affirmatively to the suggestion of 3,000 lbs. On June 21, 1989, Agent Roberts tendered 3,000 lbs. of marijuana to Mr. Brown. Mr. Brown was arrested that same day.
 
 
 18
 See Brown, Crim. No. 89-60016-02, at 2 (findings of fact). We find that the court's summary of the evidence is supported by the record and that the court's quantity determination with respect to Brown based upon such evidence was not clearly erroneous.
 
 
 19
 We find Brown's remaining arguments to be without merit. Therefore, we affirm the sentence imposed on Brown by the district court.
 
 III. Conclusion
 
 20
 We vacate the resentencing of Kook and remand his case for further proceedings consistent with this opinion. We affirm Brown's sentence.
 
 
 
 [1]
 Kook also argues that we should apply a clear and convincing standard rather than the preponderance of the evidence standard. See United States v. Townley, 929 F.2d 365, 369-70 (8th Cir. 1991) (dicta indicating that a clear and convincing standard may beappropriate in certain exceptional cases); but see United States v. Dyer, 910 F.2d 530, 532 (8th Cir.) (holding that the preponderance of the evidence standard is constitutionally sufficient for sentencing issues), cert. denied, 111 S. Ct. 276 and 111 S. Ct. 366 (1990). As the evidence does not meet the preponderance standard in this case, we need not reach Kook's argument