**UNITED STATES of America, Appellee,**

v.

**Michael D. WEST, Appellant.**

**No. 93–1957.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 13, 1993.

Decided Feb. 1, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied March 24, 1994.

---

Vincent M. Powers, Lincoln, NE, argued, for appellant.

Paul D. Boeshart, Asst. U.S. Atty., Lincoln, NE, argued, for appellee.

Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Defendant Michael D. West was convicted of conspiracy to distribute cocaine and distribution of cocaine. He challenges his conviction on several grounds. The most important of these is his claim that the trial court erred when it denied his motion for acquittal on the conspiracy count. West contends that the government presented evidence only of sales of small quantities of cocaine that were intended for the personal use of the recipient and not for further distribution, and that the evidence showed sales to only two people. The government contends that although the sales were indeed of small quantities, there were many sales over many years to the same two people and that such a continuing relationship constitutes a conspiracy.

At trial, the government presented evidence that West had sold cocaine to two people on several occasions over several years. Bruce Mapes testified that he had purchased cocaine from West between twenty and thirty times from 1985 to 1990, usually purchasing from one to three and one half grams. Mapes estimated that he paid West a total of between five and ten thousand dollars during that period. Douglas Farmer testified that West gave him small amounts of cocaine at parties in the late 1980s, that in

May of 1990 he purchased three and one half grams of cocaine from West, and that he purchased cocaine from West at least seven times between November, 1990, and November, 1991, spending at least $5,850. In July, 1992, outfitted with a wireless microphone provided by the government, Farmer purchased one fourth of an ounce of cocaine from West, the final transaction between them. The government presented no evidence of a connection between Mapes and Farmer other than the fact that they both purchased cocaine from West.

## I.

■ The essence of a conspiracy is an agreement to commit an unlawful act, and it is not necessarily merged into the crime that the completed act itself constitutes. The question of whether the conspiracy survives the act as a prosecutable event is said to be a matter of the intent of Congress. *Iannelli v. United States,* 420 U.S. 770, 777, 95 S.Ct. 1284, 1289, 43 L.Ed.2d 616 (1975). We have held, in any case, that a mere sales agreement with respect to contraband does not constitute a conspiracy; there must be some understanding "beyond" that before the evidence can support a conviction for a conspiracy. *United States v. Prieskorn,* 658 F.2d 631 (8th Cir.1981).

Our subsequent cases have had to deal with what it means to have evidence "beyond the mere sales agreement." We have held, for instance, that evidence that drugs were purchased for resale was sufficient to support a conviction of conspiracy. *See United States v. Brown,* 946 F.2d 58 (8th Cir.1991), *cert. denied,* —— U.S. ——, 114 S.Ct. 163, 126 L.Ed.2d 124 (1993). Though at sentencing the government in this case presented ample evidence of West's involvement in a larger conspiracy that supplied him and through which he distributed cocaine, the only evidence at trial was to the effect that West sold to Mapes and Farmer for their own consumption and that, moreover, Mapes and Farmer did not even know about each other. In these circumstances, we believe that the evidence at trial supported only a finding that West participated in a series of sales, no single one of which, under *Prieskorn,* could have supported a conviction for conspiracy. We are unable to see how a series of such sales could have done so.

We hold, therefore, that the trial court should have granted defendant's motion for acquittal on the conspiracy count, and therefore reverse the defendant's conviction of conspiracy.

## II.

We now address West's other grounds for appeal.

■ Two witnesses who were not allowed to testify at trial testified at the sentencing hearing. The government had agreed to identify to West's counsel the witnesses who would be called as part of the government's case. The witnesses who were left off the government's list were excluded from testifying at trial when the trial court granted West's motion in limine. West contends that they should have been excluded from the sentencing hearing as well. We find no error in the trial court's decision to allow the testimony of those witnesses at the sentencing hearing because the government did not agree to identify the witnesses that it was going to produce at the sentencing hearing, was under no legal obligation to do so, and, moreover, the defendant can hardly claim unfair surprise with respect to them.

■ West next contends that the testimony at the sentencing hearing of Elizabeth Larson, one of the witnesses whose testimony was excluded at trial, did not have sufficient indicia of reliability to support its probable accuracy. West is complaining of the reliability of Larson's estimate of the amount of cocaine that she saw in West's possession. The estimate was based on her viewing a paper bag into which a police officer (who also testified) poured cocaine. When the bag appeared to contain the amount of cocaine she had seen, she told the officer so. The officer then weighed the cocaine contained in the bag. It is not clear to us what weight, if any, the trial court gave to this experiment, but we do not see anything inherently unreliable in it. There was, moreover, more than ample evidence to support the trial court's finding that West was "responsible for at

least 525 grams of cocaine" based not only on Larson's testimony, but on that of Jo Ellen Sterling, Glenn L. Elwell, and Cindi Arthur as well.

 West challenges the propriety of the $15,000 fine that the court imposed. West has failed, however, to present evidence that this fine is unreasonable. We note, further, that the fine imposed is in fact less than the minimum fine specified in the Sentencing Guidelines. U.S.S.G. § 5E1.2(c)(3).

Finally, West contends that the sentencing recommendation of the probation officer should have been included in the disclosure of the presentence investigation report. Rule 32(c)(3)(A) of the Federal Rules of Criminal Procedure provides that a copy of the presentence investigation report should be disclosed to the defendant, but that the disclosure should not include "any final recommendation as to sentence." There was thus no error in the failure to disclose the probation officer's recommendation of a sentence.

### III.

Except for the special assessment of fifty dollars for each offense of which West was convicted, the sentence that he received was not affected by the conviction for conspiracy that we set aside. We therefore remand the case to the district court with directions to reduce the special assessment from one hundred fifty dollars to one hundred dollars, and we affirm the rest of the sentence.