**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Seroj ISSAGHOOLIAN, Defendant–Appellant.**

No. 94–2788.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 15, 1994.

Decided Dec. 19, 1994.

James Martin Davis, Omaha, NE, argued, for appellant.

Michael G. Heavican, Omaha, NE, argued, for appellee.

Before BEAM and MORRIS SHEPPARD ARNOLD, Circuit Judges, and FRIEDMAN,* Senior Circuit Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Seroj Issaghoolian was convicted of conspiracy to distribute and to possess with intent to distribute cocaine. On appeal, he contends (1) that the district court[1] erred in allowing the government to use his statement to pretrial services for impeachment purposes, (2) that the district court abused its discretion by denying his second motion for a continuance, and (3) that the district court should have granted his motion for acquittal based on insufficiency of the evidence. We affirm.

I.

Following Issaghoolian's indictment, pretrial services evaluated him in order to make a recommendation to the district court re-

---

* The HONORABLE DANIEL M. FRIEDMAN, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

1. The Honorable William G. Cambridge, U.S. District Judge for the District of Nebraska.

garding pretrial release. The evaluation process included an interview at Richard Young Hospital with Claire K. Barnett and Theodore J. Delate. The statements made by Issaghoolian during this interview, including those regarding his purchase of drugs for other individuals and sharing of drugs with them, were incorporated into the pretrial services information report.

When Issaghoolian made an initial appearance with counsel Michael Levy, the district court entered a progression order that required the filing of all pretrial motions by December 6, 1993. The case was originally set for jury trial in January, 1994, but was continued until March upon Issaghoolian's motion. On March 1, 1994, Issaghoolian hired new counsel, James Miller and Ernest H. Addison. Messrs. Miller and Addison entered their appearance on behalf of Issaghoolian and filed a motion to continue the trial from its scheduled date of March 10, 1994. The district court did not grant a second continuance, but did allow Messrs. Miller and Addison to replace Mr. Levy as counsel.

The trial began as scheduled on March 10, 1994. In addition to the witnesses who had been scheduled to testify against Issaghoolian in January, the government presented the testimony of three of his former co-workers. There was no objection to this testimony at trial. Issaghoolian then testified in his own defense, claiming that he had never supplied drugs to other individuals, and the government used the portion of the pretrial services report concerning his prior drug history to impeach him on cross-examination. The district court instructed the jury that the information from pretrial services could be used only to determine Issaghoolian's credibility.

## II.

■ Issaghoolian argues that the district court violated the statutory guarantee of confidentiality that protects information gathered by pretrial services. 18 U.S.C. § 3153(c)(1) provides that "information obtained in the course of performing pretrial services functions in relation to a particular accused shall be used only for the purposes of a bail determination and shall otherwise be confidential." The statute goes on to state that such information "is not admissible on

the issue of guilt in a criminal proceeding," except in certain circumstances unrelated to this case. 18 U.S.C. § 3153(c)(3). We have specifically held, however, that impeachment evidence addresses only credibility and is not the equivalent of evidence of substantive guilt for the purposes of this statute. *United States v. Smith,* 973 F.2d 1374, 1378–79 (8th Cir.1992); *United States v. Wilson,* 930 F.2d 616 (8th Cir.1991). Thus the admission of information from the pretrial services report to impeach Issaghoolian was not error.

■ In the alternative, Issaghoolian contends that his statements to pretrial services constituted a confession that should have been admissible only if given voluntarily after *Miranda* warnings. Because this objection was not made at trial, we review for plain error. *United States v. Resnick,* 745 F.2d 1179, 1183 (8th Cir.1984). It is well established that statements made without warnings adequate to *Miranda* are admissible for the limited purpose of impeachment. *See Harris v. New York,* 401 U.S. 222, 226, 91 S.Ct. 643, 646, 28 L.Ed.2d 1 (1971) (holding that the "shield provided by *Miranda* cannot be perverted into a license to use perjury by way of a defense, free from the risk of confrontation with prior inconsistent statements"). Issaghoolian's attempt to recharacterize his statements to pretrial services as a confession requiring *Miranda* warnings would not, even if successful, prevent their use for impeachment purposes.

## III.

■ Issaghoolian also claims that the district court abused its discretion by denying the motion for a second continuance. "Trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling witnesses, lawyers and jurors at the same place, at the same time, and this burden counsels against continuances except for compelling reasons." *Morris v. Slappy,* 461 U.S. 1, 11, 103 S.Ct. 1610, 1616, 75 L.Ed.2d 610 (1983). In determining whether to grant a continuance, relevant factors include the following:

(1) the nature of the case and whether the parties have been allowed adequate timing for trial preparation;

(2) the diligence of the party requesting the continuance;

(3) the conduct of the opposing party and whether a lack of cooperation has contributed to the need for a continuance;

(4) the effect of the continuance and whether a delay will seriously disadvantage either party; and

(5) the asserted need for the continuance, with weight to be given to sudden exigencies and unforeseen circumstances.

*United States v. Coronel–Quintana,* 752 F.2d 1284, 1287 (8th Cir.1985), *cert. denied,* 474 U.S. 819, 106 S.Ct. 66, 88 L.Ed.2d 54, *(citing United States v. Little,* 567 F.2d 346, 348–49 (8th Cir.1977), *cert. denied,* 435 U.S. 969, 98 S.Ct. 1608, 56 L.Ed.2d 60 (1978)). The district court granted Issaghoolian one continuance, and his original attorney was prepared to proceed with the representation on the scheduled date. Although Messrs. Miller and Addison entered their appearances on behalf of Issaghoolian on March 1, 1994, Mr. Levy was not permitted to withdraw from the case until after the motion for a second continuance was denied. Both Issaghoolian and his new attorneys were thus on notice prior to Mr. Levy's withdrawal that Messrs. Miller and Addison would have only ten days to prepare for trial. On a number of occasions, we have concluded that an attorney was able to prepare adequately for trial within a short period of time. *See, e.g., United States v. West,* 878 F.2d 1111 (8th Cir.1989) (holding that it was reasonable to deny a continuance to counsel who entered her appearance only 13 days before trial); *United States v. Lankford,* 573 F.2d 1051 (8th Cir. 1978) (holding that it was reasonable to allow only a one-day continuance for newly-retained attorney to prepare for trial). After the trial began, moreover, Issaghoolian's attorneys never claimed that they were unprepared to cross-examine those witnesses who had not formed part of the government's original case, nor did they assert any other reason for requiring a continuance. The district court thus did not abuse its discretion in refusing Issaghoolian a second continuance.

### IV.

Finally, Issaghoolian claims that the district court should have granted his motion for judgment of acquittal and motion for a new trial based on the insufficiency of the evidence. It is, of course, well established that "a mere sales agreement with respect to contraband does not constitute a conspiracy; there must be some understanding 'beyond' that before the evidence can support a conviction for conspiracy." *United States v. West,* 15 F.3d 119, 121 (8th Cir. 1994), *(citing United States v. Prieskorn,* 658 F.2d 631 (8th Cir.1981)). This evidentiary requirement may be satisfied, for example, by a showing that drugs were purchased for resale. *United States v. Brown,* 946 F.2d 58 (8th Cir.1991), *cert. denied,* —— U.S. ——, 114 S.Ct. 163, 126 L.Ed.2d 124 (1993). At trial, at least four witnesses testified to Issaghoolian's involvement in a larger conspiracy that involved both the purchase and resale of cocaine. This evidence was clearly sufficient to support conviction of Issaghoolian on the charge of conspiracy to distribute and to possess with intent to distribute cocaine.

### V.

For the foregoing reasons, we affirm the judgment of the district court.