69 F.3d 542
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Russell Leo RALPH, Appellant.
 No. 95-2151.
 United States Court of Appeals, Eighth Circuit.
 Submitted: October 26, 1995.
Filed: November 1, 1995.
 
 Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Russell Leo Ralph challenges his conviction and sentence following his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. Secs. 922(g)(1) and 924(e), and to possessing an unregistered firearm, in violation of 26 U.S.C. Secs. 5861(d) and 5871. For reversal, Ralph asserts that the district court[1] erred by sentencing him as an armed career criminal and by finding he had the ability to pay a fine, and that Congress lacks the authority under the Commerce Clause to criminalize the conduct proscribed in section 922(g). We affirm.
 
 
 2
 We review for clear error the district court's factual findings, and de novo its application of a Guidelines provision to the facts of the case. United States v. Lloyd, 43 F.3d 1183, 1187 (8th Cir.1994).
 
 
 3
 Section 924(e)(1) sets a fifteen-year mandatory minimum sentence for a felon-in-possession who has three previous convictions for a violent felony or serious drug offense, or both, committed on different occasions. 18 U.S.C. Sec. 924(e)(1). The term "violent felony" means any offense punishable by a prison term exceeding one year that, inter alia, "is ... arson ... or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. Sec. 924(e)(2)(B)(ii). Even assuming Ralph correctly argues that the conduct underlying his prior state conviction for arson actually amounted to only criminal damage to property, we conclude the district court did not clearly err in finding the conduct (setting a motorcycle on fire in a yard by igniting its gas line) presented a serious potential risk of harm to another. Based on this and Ralph's other two violentfelony convictions, we conclude the district court properly sentenced Ralph as an armed career criminal pursuant to U.S.S.G. Sec. 4B1.4.
 
 
 4
 In all cases, a district court shall impose a fine unless "the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. Sec. 5E1.2(a). As Ralph presented no evidence to the contrary, we conclude the district court did not err by finding that Ralph could pay a $2,200 fine based on the length of his sentence (262 months) and prison work opportunities. See United States v. West, 15 F.3d 119, 122 (8th Cir.) (affirming $15,000 fine where defendant failed to present any evidence fine was unreasonable), cert. denied, 115 S.Ct. 177 (1994).
 
 
 5
 Finally, Ralph's challenge to section 922(g) is foreclosed by this court's recent opinion in United States v. Rankin, 64 F.3d 338, 339 (8th Cir.1995) (per curiam) (rejecting Lopez challenge and holding Sec. 922(g) is clearly tied to interstate commerce).
 
 
 6
 The judgment is affirmed.
 
 
 7
 A true copy.
 
 
 
 [1]
 The Honorable Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri