No. 95-2697

United States of America,          *
                                   *
        Appellee,                  *    Appeal from the United States
                                   *    District Court for the
        v.        *  Northern District of Iowa.
                                   *
William E. Eneff,                  *
                                   *
        Appellant.                 *


                    Submitted:  November 15, 1995

                    Filed:  March 25, 1996


Before BEAM, JOHN R. GIBSON, and MORRIS SHEPPARD ARNOLD, Circuit Judges.


MORRIS SHEPPARD ARNOLD, Circuit Judge.

    William E. Eneff appeals from his conviction for conspiring to distribute and to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846, arguing that the evidence against him was legally insufficient.  We affirm the judgment of the district court.[1]

                                   I.

    Charles Bramble testified at trial that he had several sources for drugs and that Eneff was one of them.  He further said that he had bought methamphetamine from Eneff three times, two ounces on one occasion and three ounces on the other two, for a total of ten

_____

    [1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

ounces.  Eneff's methamphetamine, in Bramble's view, was of a sufficiently high purity that Bramble used a cutting agent to double its quantity before he distributed it.  Special Agent Herbert Drake of the Bureau of Alcohol, Tobacco, and Firearms testified that ten ounces of methamphetamine would suffice to produce more than 1,000 doses for an ordinary user.

There was also testimony from codefendant David Pinney, to whom Bramble testified he resold some of Eneff's amphetamine, that he knew Eneff and that he had business dealings with him, both in person and on the telephone; but Pinney adamantly denied that he and Eneff had had any communication with respect to drugs.  Finally, the government introduced telephone records that tended to show that Bramble called Pinney numerous times during the period of the alleged conspiracy.  This was the sum total of the evidence of conspiracy on the part of Eneff.

II.

We offer first some brief observations about what the United States must show in a case of this sort.  The conspiracy charged requires necessarily some agreement beyond the executed sales agreements alleged to have occurred between Bramble and Eneff.  There must have been some undertaking on their part to do something more with the drugs in which they dealt, that is, to make some further distribution of them.  We have held, it is true, that even numerous sales of small amounts of drugs for personal use are insufficient to support a conviction for some larger conspiracy. See, e.g., United States v. West, 15 F.3d 119, 121 (8th Cir. 1994), cert. denied, 115 S. Ct. 177 (1994).  But we have cases that hold that evidence of multiple sales of resale quantities of drugs is sufficient in and of itself to make a submissible case of a conspiracy to distribute.  See, e.g., United States v. Escobar, 50 F.3d 1414, 1420 (8th Cir. 1995), and United States v. Prieskorn, 658 F.2d 631, 634-35 (8th Cir. 1981).

This is a view that can be criticized, and indeed it has been.  <u>See</u>, <u>e.g.</u>, <u>United States v. Lechuga</u>, 994 F.2d 346, 347-48 (7th Cir. 1993) (<u>en banc</u>), <u>cert.</u> <u>denied</u>, 114 S. Ct. 482 (1993).  As an original proposition, one might think that this evidence was merely consistent with a knowledge on the part of the participants in the sales that there was going to be a resale to a third party.  Such evidence arguably must leave a jury with a reasonable doubt about whether the participants in the sales had agreed that redistribution was desirable and about whether the redistribution was a part of a common purpose to which they were consciously devoting their joint efforts.  But we believe that these arguments are foreclosed by the cases that we have cited, and, not being free as a panel to overrule them, we are obliged to affirm the conviction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.