# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1032

_____

United States of America,                    *
                                             *
      Plaintiff - Appellee,              *
                                             *  Appeal from the United States
    v.                                  *  District Court for the
                                             *  Northern District of Iowa.
Fernando Espinoza,                            *
                                             *  [UNPUBLISHED]
      Defendant - Appellant.            *

_____

Submitted: June 10, 2008
Filed: June 30, 2008

_____

Before MURPHY, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Fernando Espinoza was convicted of conspiracy to distribute 500 grams or more of mixed methamphetamine and 50 grams or more of pure methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846 and 851. He appeals, arguing that the district court[1] erred in denying his motion for judgment of acquittal

_____

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

because there was insufficient evidence produced to prove that he was involved in a conspiracy to distribute methamphetamine.  See Fed. R. Crim. P. 29.

Witnesses at trial testified that Espinoza both purchased and sold large quantities of methamphetamine on multiple occasions.  Two of the witnesses testified that Espinoza was aware at the time of his sale to them that they were reselling methamphetamine.  Another testified that Espinoza purchased a pound of methamphetamine from him with the intention of reselling it. "In this circuit, evidence of multiple sales of resale quantities of drugs is sufficient in and of itself to make a submissible case of a conspiracy to distribute." United States v. Ramirez, 350 F.3d 780, 784 (8th Cir. 2003) (quoting United States v. Eneff, 79 F.3d 104, 105 (8th Cir. 1996)).

Further evidence of a conspiracy was provided by officers of the Tri-State Drug Task Force who participated in a search of Espinoza's house where they found a digital scale, packaging materials, drug notes, three quarters of a pound of methamphetamine, and over $3,500 in cash hidden in a secret compartment. Task Force officers also reported that they had arrested Espinoza while he was selling methamphetamine to one of the witnesses who testified against him.  Since the evidence presented at trial was sufficient to prove Espinoza's participation in a conspiracy to distribute methamphetamine, we conclude that the district court did not err in denying his motion for judgment of acquittal.

Accordingly, we affirm the judgment of the district court.

_____