**UNITED STATES of America,
Appellee,**

**v.**

**William PENA, Defendant–Appellant.**

**Docket No. 99–1572.**

United States Court of Appeals,
Second Circuit.

Argued: April 19, 2000

Decided: Sept. 28, 2000

Marianne Mariano, Assistant Federal Public Defender for the Western District of New York, for defendant-appellant.

George C. Burgasser, Assistant United States Attorney for the Western District of New York, for Denise E. O'Donnell, United States Attorney for the Western District of New York, for appellee.

Before: POOLER and SOTOMAYOR, Circuit Judges.[1]

SOTOMAYOR, Circuit Judge:

Defendant-appellant William Pena appeals from a judgment of conviction in the Western District of New York (Arcara, J.) for one count of possession with intent to distribute a substance containing cocaine base and one count of conspiracy to possess and distribute cocaine and a substance containing cocaine base. We affirm the district court's judgment in all respects and hold that the same standards and procedures this Court set forth in *United States v. Moore*, 949 F.2d 68 (2d Cir.1991), to accommodate the confidentiality concerns associated with a defendant's request for disclosure of exculpatory or impeachment information in the presentence report of a government witness apply to a similar request for such information in pretrial services materials, which are generally treated as confidential pursuant to 18 U.S.C. § 3153(c)(1). Because the district court applied the proper procedure in response to defendant's request for information from a co-conspirator's pretrial services report, we further find that its treatment of the requested information was not an abuse of its discretion.

## BACKGROUND

On January 13, 1998, defendant was arrested and subsequently charged with knowingly possessing a substance containing cocaine base and conspiring to possess and distribute both cocaine and a sub-

---

1. The Honorable Ellsworth A. Van Graafeiland was originally assigned as a member of the panel but, due to illness, did not attend oral argument or participate in the disposition of this appeal. The appeal is being determined by the remaining members of the panel, who are in agreement. *See* 2d Cir. R. § 0.14(b); *Murray v. National Broad. Co.*, 35 F.3d 45, 46 (2d Cir.1994).

stance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 2. One of defendant's co-conspirators, Richard Rodriguez, pleaded guilty before defendant's trial began and agreed to cooperate with the government and testify against defendant.

At some point prior to defendant's trial, the government provided defense counsel with a copy of a 1992 letter concerning Rodriguez prepared by John Von Langen, a forensic mental health specialist at the Erie County Department of Mental Health. The letter summarized a staff doctor's diagnosis of Rodriguez as being "borderline mentally retarded" with "pronounced anti-social traits as well as being a substance abuser." According to defendant, the government informed him that it intended to use this information to help demonstrate that because Rodriguez was mentally handicapped, defendant must have been assisting him and therefore must have been a knowing participant in the crime. Defendant had claimed that Rodriguez had simply offered him a car ride to a doctor's appointment and that he had accepted without knowing that Rodriguez was on his way to conduct an illegal drug transaction.

Defendant subsequently made a pretrial motion seeking further disclosure of exculpatory, impeachment or otherwise discoverable information in the possession of the government. The government responded by informing defendant that certain such information might be contained in Rodriguez's pretrial services and presentence reports, but that it was unable to turn over copies of those reports to defendant because they were confidential. The government added, however, that it was not opposed to the district court conducting an *in camera* review of the materials to determine whether the government was obligated to disclose any information contained therein.

The court held a two-week trial commencing on February 8, 1999. At the outset of the trial, the district court conducted an *in camera* review of the requested materials and determined that because defense counsel was already aware of Rodriguez's diminished mental capacity and of his history of drug use, it did not need to disclose the information contained in Rodriguez's pretrial services materials on those subjects. The court added, however, that it would examine those materials again after Rodriguez had testified to reevaluate whether they contained information that the defense needed to attack Rodriguez's credibility or to address further the issue of Rodriguez's diminished mental capacity. As for the presentence report, the court turned over one paragraph containing information about Rodriguez's alleged drug use on the day of his arrest.

Rodriguez subsequently took the stand. Just prior to the conclusion of his testimony, the district court informed defense counsel that—with one exception—the pretrial services file contained nothing that the court deemed necessary to disclose. The court explained that the file basically contained only two types of information: 1) statements about Rodriguez's borderline mental retardation, and 2) facts concerning Rodriguez's drug abuse. The court stated that each of these topics had already been clearly brought out during the direct testimony and cross-examination of Rodriguez. The one new item the court turned over was a redacted version of a pretrial services document summarizing instances of Rodriguez's non-compliance with the terms of his pretrial release. At this point, both attorneys stated that they had no further questions for Rodriguez and the witness was excused.

On February 19, 1999, the jury convicted defendant on both counts of the indictment. A judgment of conviction was entered on September 20, 1999 and this appeal followed.

## DISCUSSION

■ Although this Court, in *United States v. Moore*, 949 F.2d 68 (2d Cir.1991),

has addressed the issue of how district courts are to handle a defendant's request that the government disclose exculpatory or impeachment information in the presentence report of a government witness, we have never specifically dealt with the proper procedure in response to a similar request for such information in pretrial services reports or other pretrial services materials. Pretrial services reports contain

> information pertaining to the pretrial release of each individual charged with an offense, including information relating to any danger that the release of such person may pose to any other person or the community and, where appropriate, include a recommendation as to whether such individual should be released or detained and, if release is recommended ... [the] appropriate conditions of release....

18 U.S.C. § 3154(1) (1994). Such reports are prepared by personnel of pretrial services units established by the Director of the Administrative Office of the United States Courts. *See* 18 U.S.C. § 3152(a) (1994).[2]

■ Pretrial services materials are treated as confidential pursuant to 18 U.S.C. § 3153, which states in relevant part that "information obtained in the course of performing pretrial services functions in relation to a particular accused shall be used only for the purposes of a bail determination and shall otherwise be confidential." 18 U.S.C. § 3153(c)(1) (1994). This confidential treatment is intended to "protect[ ] the relationship between the pretrial services officer and the particular defendant" and ensure that courts do not "receive only incomplete information," because defendants "may be reluctant to cooperate with pretrial services officers unless assured of the confidentiality of the information they reveal to the officers." H.R. Conf. Rep. No. 97–792, at 8 (1982), *reprinted in* 1982 U.S.C.C.A.N. 2393, 2394. Thus, a request by a third party for the pretrial services report of a government witness creates a tension between this confidentiality and the government's discovery obligations.

Requests for presentence reports implicate similar concerns. Presentence reports are prepared by probation officers pursuant to Fed.R.Crim.P. 32 as an aid to the court in sentencing the defendant and contain a defendant's personal information, criminal history, the circumstances of his or her offense, and recommendations as to sentence. *See* Fed.R.Crim.P. 32(b); *see also United States v. Charmer Indus., Inc.,* 711 F.2d 1164, 1170 (2d Cir.1983) ("In preparing such a report, the Probation Service acts as an arm of the court ..."). Such reports have traditionally been treated as confidential pursuant to Rule 32. While Rule 32 is "silent as to whether and under what circumstances such reports may be disclosed to 'third persons,'" there has been "a longstanding judicial view that confidentiality should be maintained," because "the public availability of presentence reports would likely inhibit the flow of information to the sentencing judge." *Charmer Indus.,* 711 F.2d at 1172–73.

■ In *Moore,* we recognized this "concern for confidentiality that permeates [Rule 32] and its history" and held that given "the nature of the presentence report as a court document designed and treated principally as an aid to the court in sentencing, ... the report may not properly be disclosed without authorization by the court." *Moore,* 949 F.2d at 71 (internal quotation marks and citation omitted). We consequently directed district courts to respond to a defendant's request for the government to disclose such a report by

> examin[ing] the report in camera to determine if there are any statements

---

2. The statute provides that pretrial services units may be supervised either by a chief probation officer or by a chief pretrial services officer selected by a panel consisting of the chief judge of the relevant circuit, the chief judge of the relevant district and a magistrate judge of that district, or their designees. 18 U.S.C. § 3152.

made by the witness that contain exculpatory or impeachment material. If there is any such material, the judge should not release it unless there is a compelling need for disclosure to meet the ends of justice.

*Moore*, 949 F.2d at 72 (internal quotation marks and citation omitted). Under this "compelling need for disclosure" test, the district court must decide whether the information is "absolutely essential to effective presentation of a defense." *Id.* (quoting *United States v. Cyphers*, 553 F.2d 1064, 1069 (7th Cir.1977)). We also noted that, "[p]resumably, exculpatory material would usually meet that test unless the defendant already possessed the information." *Moore*, 949 F.2d at 72.[3]

We believe that the balance struck in *Moore* between the preservation of the confidentiality of presentence reports and the government's obligation to turn over exculpatory and impeachment information in its possession is also the appropriate balance where the documents at issue are pretrial services reports or other pretrial services materials. Similar treatment is warranted because both types of documents are created by court personnel for the purpose of assisting the court in making individualized and informed decisions concerning a defendant, and both are subject to similar statute-based confidentiality protection imposed in order to safeguard the full exchange of relevant information among a defendant, court-related personnel, and the judge.

■ The district court here handled the pretrial services materials in a manner that more than satisfied the test we set forth in *Moore* for presentence reports. It evaluated the pretrial services materials both before and after Rodriguez's testimony. With respect to information in those materials regarding Rodriguez's non-compliance with the terms of his pretrial release, the district court determined that it was impeachment material about which defendant had no knowledge and turned over a redacted version of the relevant document to defense counsel. As for the remainder of the pretrial services file, the court concluded that any information contained therein concerning Rodriguez's mental capacity and history of drug use was, in substance, already known by defense counsel and had already come out during Rodriguez's trial testimony. Under the *Moore* standard, a district court does not abuse its discretion in finding no compelling need for the disclosure of pretrial services information where, as here, the court determines that, essentially, "the defendant already possessed the information." *See Moore*, 949 F.2d at 72.

■ Defendant also argues, citing 18 U.S.C. § 3153(c)(3), that pretrial services materials are not confidential with respect to third parties as long as the third party does not seek to have the information admitted on the issue of the guilt of the person who is the subject of those materials. We find that the statute contains no such license to disclose pretrial services information.

Section 3153(c)(3) provides:

**3.** We note that the government's obligation to disclose exculpatory and impeachment information in the presentence report stems from its possession of the report, and that this Court's past statement in *United States v. Canniff*, 521 F.2d 565, 573 (2d Cir.1975), that the government's obligation to disclose exculpatory information under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) does not apply to presentence reports should be understood as limited solely to situations—as in *Canniff*—where the government is not in possession of the report. *Compare Canniff*, 521 F.2d at 573 (in case where "the prosecutor never saw or possessed the pre-sentence report," holding that report "did not constitute material required to be produced by the government under *Brady*"), *with Moore*, 949 F.2d at 71 (recognizing obligation to turn over exculpatory material in presentence report and noting earlier in opinion that "[a]lthough the United States Attorney's Office did not have access to the presentence reports in *Canniff*, in this case the United States Attorney's Office apparently did possess the presentence reports at issue.")

Information made confidential under paragraph (1) of this subsection is not admissible on the issue of guilt in a criminal judicial proceeding unless such proceeding is a prosecution for a crime committed in the course of obtaining pretrial release or a prosecution for failure to appear for the criminal judicial proceeding with respect to which pretrial services were provided.

18 U.S.C. § 3153(c)(3). An examination of the statute's language and legislative history make clear that this subsection deals solely with the separate issue of the admissibility of pretrial services materials during the prosecution of the subject of those materials,[4] and not with the acquisition of this information by those seeking its disclosure in other circumstances, as in this case. The provision's purpose is simply to "ensure that defendants cannot attempt to take advantage of the pretrial services process and then shield themselves behind the guarantee of confidentiality." H.R. Conf. Rep. No. 97–792, at 9 (1982), reprinted in 1982 U.S.C.C.A.N. 2393, 2395. There is no suggestion that confidentiality with respect to requests by third parties for use of such materials at their own trials is altered by this or any other subsection. Moreover, our reading of section 3153 as maintaining strong confidentiality with respect to third party requests for a defendant's pretrial services materials—notwithstanding the statute's allowance of certain uses of such materials against that defendant—comports with the Supreme Court's recognition of a similar confidentiality distinction in the context of presentence reports. See

United States Dept. of Justice v. Julian, 486 U.S. 1, 12, 108 S.Ct. 1606, 100 L.Ed.2d 1 (1988) ( "[C]ourts have typically required some showing of special need before they will allow a third party to obtain a copy of a presentence report. . . . There is no indication, however, that similar restrictions on discovery of presentence investigation reports have been recognized by the courts when the individual requesting discovery is the subject of the report.")

Thus, as with presentence reports, when a defendant requests that the government disclose pretrial services materials pursuant to its discovery obligations to provide defense counsel with exculpatory and impeachment information in its possession, district judges should review those materials in camera and determine whether they contain such information. If so, and if there is a compelling need for its disclosure, the district court should, to the extent possible, turn over only that portion of the document containing such information.[5]

We have considered defendant's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.

4. We note that several other circuit courts have interpreted section 3153(c)(3) in this context. See, e.g., United States v. Issaghoolian, 42 F.3d 1175, 1177 (8th Cir.1994) (allowing information from a defendant's pretrial services report to be used to impeach him); United States v. Stevens, 935 F.2d 1380, 1396–97 (3d Cir.1991) (allowing use of pretrial services information to impeach a defense witness who made statements to the defendant's pretrial services officer). We express no view on the issues addressed in those cases because the scenarios with which they deal are not before us.

5. The opinion of the Ninth Circuit in United States v. Gallagher, 99 F.3d 329, 332–33 (9th Cir.1996), relied upon by defendant, did not reach the issue before us. Although in Gallagher, the court reviewed pretrial services files in camera and disclosed certain information contained therein to the defendant, the decision appealed was the court's failure to turn over the full contents of the files. The information the court had in fact disclosed was not at issue, and the Ninth Circuit neither indicated what standard the district court applied before allowing such disclosure nor discussed the correctness of that standard.